OF THE

## STATE OF WASHINGTON,

AT THE

## MAY SESSION, 1893.

[No. 343. Decided July 12, 1893.]

CHARLES H. SPINNING *et al.*, *Respondents*, v. BERTIE SHERMAN DRAKE *et al.*, *Appellants.*

APPEAL — PROCEEDINGS BY SUPERIOR COURT UPON REMAND.

Where the supreme court has reversed a judgment of the superior court and directed that the title to certain land be established in the appellant, subject to a vendors' lien for a balance of purchase money, the amount of which lien the supreme court was unable to adjust by reason of the barrenness of the record on that matter, the superior court may, upon a remand of the case, determine and establish such vendors' lien before the entry of judgment in accordance with the decision of the supreme court. (STILES, J., dissenting.)

*Original Application for Mandamus.*

*Galusha Parsons*, for relator.

*Stevens, Seymour & Sharpstein*, for respondents.

The opinion of the court was delivered by

SCOTT, J.— This cause was previously before this court (4 Wash. 285; 30 Pac. Rep. 82), and in disposing of it the court said:

"The judgment of the superior court must be reversed, and the title established in the appellant Bertie Sherman

Drake, subject to the lien of Frost and Spinning for the balance of their purchase money and the contract of the Drakes with intervenors Cadwell and Parsons.''

In rendering its opinion, the court also said:

''They were claiming to be rightfully in possession of the land by a properly delivered deed of warranty, over against which they admit their liability to pay the balance of purchase money, and that their grantors were entitled to a lien on the property for such balance. What the amount of such a lien should be we are unable to determine in the condition of this case, as it may depend on questions of law and fact which were not presented by either side. . . . The vendors' lien for purchase money exists, and whenever they make demand therefor it must be paid, or the property sold to satisfy it.''

In a petition for a re-hearing which was filed we were asked to foreclose the lien for the purchase money, which was refused for the reason stated in the first opinion. It was also then said by us that—

''The superior court might, perhaps, have done this upon additional evidence which it might have called upon the parties to produce. . . . The evidence showed that a modification of the contract had been agreed to, so that the second $1,000 was not to be paid, or the mortgage given, until the title should be made clear. The contract also provided that the third $1,000 should be due in ninety days from August 1, 1889, but no time was fixed for the maturity of the note to be given for the balance of $3,000, to be secured by mortgage. The record is barren of any evidence which would enable us to adjust these matters.''

Application is now made to us for a writ of mandate to compel the lower court to enter a judgment decreeing that the title to the land in controversy ''be in the said Bertie Sherman Drake in fee simple, free and clear of any claims thereupon by said plaintiffs or intervenors Gray and Gray, except that the said plaintiffs are adjudged to have a vendors' lien thereupon for such an amount as they may establish

in any proper action brought thereupon for any sum of money remaining due and unpaid upon the purchase price agreed to be paid by the said Bertie Sherman Drake for said land, subject to any defense to the whole or any part thereof which she, the said Bertie Sherman Drake, may have therein, if any,'' which judgment the relator had moved said court to enter. Upon the showing made for the writ it appears that said motion for judgment was denied, and that the court held that it had full power under the judgment of this court to hear evidence to determine plaintiffs' claim for a vendors' lien, and that such lien should be determined before the entry of judgment.

The relator denies that the superior court has this right, and contends that such lien can only be established by the bringing of an independent action therefor. We are unable to agree with this contention. The superior court has jurisdiction of the parties, and it is a well settled principle of equity practice that the court will endeavor to give full and complete relief to the parties in a cause, and a multiplicity of suits is to be avoided. We think it was fairly contemplated in the opinions heretofore rendered by us in said cause that the superior court could determine and establish the vendors' lien, and that it had authority to take any and all necessary steps for that purpose.

Writ denied.

HOYT and ANDERS, JJ., concur.

STILES, J. (*dissenting*).—I cannot concur in this disposition of the case. The original case was not brought or prosecuted on any theory of foreclosure, and neither the pleadings nor the evidence taken furnish any basis for further proceedings. It is not the province of this court to send parties back to the superior courts to try new cases for which there are, as yet, no pleadings.

DUNBAR, C. J., did not sit at the hearing.