BEGGS v. McCREA.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

1. LIBEL—PRIVILEGE—JUDICIAL PROCEEDINGS—WITNESS.

In proceedings to remove a testamentary trustee, an affidavit stating that such trustee had had dealings with a bank, for which affiant was attorney, and had failed to turn over money as he agreed; that mortgages on the trustee's property had been foreclosed, and deficiency judg-

ments of large amount rendered against him; and that he was heavily indebted to the bank, and affiant believed him to be insolvent,—was not clearly irrelevant, so as to destroy affiant's privilege as a witness, and make him liable for libel.

**2. SAME—VOLUNTARY AFFIDAVIT.**
The fact that a party makes an affidavit voluntarily, without requiring the party requesting it to take proceedings to have his deposition taken, does not render the communication less privileged, or have any effect on its relevancy.

**3. SAME—ABSOLUTE PRIVILEGE.**
Where defendant, at the request of an attorney retained to make application for the removal of plaintiff as testamentary trustee, made affidavit with respect to plaintiff's qualifications for such office, the statements therein were privileged, and defendant was not liable therefor in an action for libel.

Appeal from trial term, New York county.

Action by Robert Beggs against William C. McCrea. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before HATCH, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Isaac N. Miller, for appellant.
George H. Taylor, Jr., for respondent.

INGRAHAM, J. The action is for libel based upon an affidavit made by the defendant in a proceeding in the surrogate's court for the removal of the plaintiff as a testamentary trustee. It appeared from the evidence that the plaintiff had been appointed trustee under the last will and testament of Hugh Henry Scott; that the beneficiaries of that trust desired to make an application for the removal of the trustee, and that the attorney retained for that purpose called upon the defendant, informed him of the nature of the proceedings about to be instituted against the plaintiff to remove him as trustee, and asked the defendant to tell him what had developed in a litigation between the Mutual Bank and the plaintiff; that the defendant told the attorney of a foreclosure proceeding instituted by the bank, and the bank's connection with the plaintiff regarding the rental of the properties sought to be foreclosed; that the attorney for the plaintiff having charge of the proceedings then asked the defendant if he could have a general affidavit as to the facts stated, to be used in this proceeding, to which the defendant said, "Yes, that he would be glad to give it;" that the attorney for these beneficiaries then prepared this affidavit, and sent it to the defendant to be verified; that such affidavit was subsequently verified, returned to the attorney who had prepared it, and the affidavit was used in the proceedings against the plaintiff. There was no evidence to show that the defendant did not believe the statements contained in the affidavit, or that he had any other motive in making the affidavit than in presenting to the surrogate a true statement of the facts within his knowledge, as to the relation of the Mutual Bank and the plaintiff. Upon the trial of this action, at the end of all the evidence, the court dismissed the complaint, the motion to dismiss having been upon the ground that upon the

70 N.Y.S.—55

evidence the allegations in the affidavit were true, and upon the further ground that upon the uncontradicted evidence the statements contained in the affidavit were privileged. The statements which were contained in the affidavit, and which are claimed to be libelous, related to various loans made by the Mutual Bank to the plaintiff, and the transfer by the plaintiff to the Mutual Bank of certain leases of property in the city of New York, as securities for the loans. The affidavit stated that the bank had allowed the plaintiff to remain in possession of the mortgaged premises, and to collect the rents therefor, but he had failed to return the entire rents to the bank; that the leases were subject to a prior mortgage to the New York Life Insurance & Trust Company, which mortgage was subsequently foreclosed, and the right, title, and interest of the plaintiff and his wife were cut off, and judgments for deficiencies were entered against them for a large sum of money; that the plaintiff was indebted to the Mutual Bank in the sum of about $15,000; and that "deponent further says that he believes said Robert Beggs is insolvent, and that he is not a fit and proper person to act as trustee of any estate."

The motion to remove the trustee was made under section 2817 of the Code of Civil Procedure, which authorizes the surrogate to remove a trustee where, "by reason of other misconduct in the execution of his trust, or dishonesty, drunkenness, improvidence, or want of understanding, he is unfit for the due execution of his trust." Upon a proceeding under this section of the Code, it cannot be said that evidence of the insolvency of the trustee, and his relations with a bank from whom he had borrowed money, and which he had failed to repay, was irrelevant; certainly not when counsel conducting such a proceeding, wishing to present such facts to the court, calls a witness to prove them, and when such proof is received by the court. Nor do I think that the fact that a person makes an affidavit without requiring the party requesting it to take proceedings to have his deposition taken deprives him of the protection of the privilege that is extended to a witness or person making an affidavit used in a judicial proceeding. If the defendant had refused to make an affidavit as to the facts within his knowledge, he could have been compelled to make a deposition before a referee, under section 885 of the Code of Civil Procedure, and that he made the affidavit without requiring that such an application be made would have no effect upon the question as to whether the affidavit when made was privileged. The question of privilege was discussed in the case of Moore v. Bank, 123 N. Y. 420, 25 N. E. 1048, 11 L. R. A. 753. It is there said:

"The general doctrine of privilege, as applied to actions for libel and slander, is founded upon the reasonable view that in the intercourse between members of society, and in proceedings in legislative bodies and in courts of justice, occasions arise when it becomes necessary or proper that the character and acts of individuals should be considered and made the subject of statement or comment, and that, in the interest of society, a party making disparaging statements in respect to another, on such a lawful occasion, should not be subjected to civil responsibility in an action of this character, although such statements were untrue."

The privilege accorded to a person making the statement under these circumstances is a qualified privilege, which rebuts the inference of malice which would otherwise arise, and imposes on the plaintiff who prosecutes an action of slander or libel the burden of proving that the defendant was moved by actual malicious intent in making the communication, and, failing in that, he fails in the action. There is another class of privileged communications, also referred to in that case, where the privilege is absolute. These are defined as follows:

"In this class are included slanderous statements made by parties, counsel, or witnesses in the course of judicial proceedings, and also libelous charges in pleadings, affidavits, or other papers used in the course of the prosecution or defense of an action. In questions falling within the absolute privilege the question of malice has no place. * * * This privilege, however, is not a license which protects every slanderous publication or statement made in the course of judicial proceedings. It extends only to such matters as are relevant or material to the litigation, or, at least, it does not protect slanderous publications plainly irrelevant and impertinent, voluntarily made, and which the party making them could reasonably have supposed to be relevant."

In the case at bar it is not necessary to determine whether the privilege was absolute or qualified, as there was no evidence of actual malice. The situation presenting itself to the defendant was that an attorney retained to make an application to remove the plaintiff as testamentary trustee called upon the defendant, and requested from him information as to the relations between a bank of which the defendant was a director and attorney and the plaintiff. Such information having been given, the defendant was requested to make an affidavit to be used in the judicial proceeding about to be instituted. Such affidavit was drawn up by the attorney, and was sent to the defendant, who verified it. The defendant volunteered to make no statement. He simply answered questions addressed to him, and subsequently verified an affidavit, which there is nothing to show he did not believe to be true, which had been prepared by the attorney at whose request it was verified, as an affidavit that would be relevant and material in the proceeding about to be commenced. I think the statements contained in the affidavit were relevant, but it certainly cannot be said that they were plainly irrelevant. The public interest requires that in a judicial proceeding a person appearing as a witness, either when examined in court, or when making an affidavit to be used in court, should be at liberty to state the facts within his knowledge fully and frankly, without being subject to a prosecution for libel; and certainly, in a case where the question is as to the responsibility and competency of a testamentary trustee, a person who fairly deposes to a fact which he believes to be true, reflecting upon the character or ability of the trustee to properly perform his trust, should not be subject to a liability for libel. The defendant in this case did nothing more than to state to the court the facts within his knowledge which were considered to have a bearing upon the question as to whether the plaintiff should be allowed to continue as trustee, and certainly, in the absence of express malice, proper performance of this public

duty should not subject the defendant to liability. We think, there-
fore, that the communication was clearly privileged, and that the
court below was quite correct in dismissing the complaint.

The judgment appealed from should be affirmed, with costs. All
concur.