56 N.J. Super. 306 (1959)
152 A.2d 858
HARRY J. THOUROT, PLAINTIFF-APPELLANT,
v.
BERNARD M. HARTNETT AND MURRAY GREIMAN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 8, 1959.
Decided July 8, 1959.
*307 Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. Isadore Glauberman argued the cause for plaintiff-appellant (Mr. Sheldon A. Weiss on the brief).
Mr. Joseph A. Davis argued the cause for defendants-respondents (Messrs. O'Mara, Schuman, Davis & Lynch, attorneys; Mr. John M. Walsh on the brief).
PER CURIAM.
In this action Thourot sues Hartnett, and Greiman his attorney, for libel, alleging that certain allegations contained in a complaint drawn by Greiman and filed in a previous action instituted by Hartnett against Thourot, were defamatory. Hartnett and Greiman moved for summary judgment on the ground that these allegations were privileged. The motion was granted, and Thourot appeals.
Section 587 of the Restatement of the Law of Torts says:
"A party to a private litigation * * * is absolutely privileged to publish false and defamatory matter of another * * * in the institution of or during the course and as a part of a judicial proceeding in which he participates, if the matter has some relation thereto."
*308 Comment (c) under this section of the Restatement says:
"It is not necessary that the defamatory matter be relevant or material to any issue before the Court. It is enough that it have some reference to the subject of the inquiry. Thus, while a party may not introduce into his pleadings defamatory matter which is entirely disconnected with the litigation, he is not answerable for defamatory matter volunteered or included by way of surplusage in his pleadings if it has any bearing upon the subject matter of the litigation."
The privilege of the attorney is at least as broad as that of the party, "irrespective of his purpose in publishing the defamatory matter, his belief in its truth or even his knowledge of its falsity. These matters are of importance only in determining the amenability of the attorney to the disciplinary power of the court of which he is an officer." Restatement, § 586, comment (a).
"Matter, to which the privilege does not extend, must be so wanting in relation to the subject matter of controversy as that no reasonable man can doubt its irrelevancy and impropriety." Harlow v. Carroll, 6 App. D.C. 128, 139 (1895).
In Fenning v. S.G. Holding Corp., 47 N.J. Super. 110, 118 (App. Div. 1957), the court said:
"The pertinency thus required is not a technical legal relevancy, such as would, necessarily, justify insertion of the matter in a pleading or its admission into evidence, but rather a general frame of reference and relationship to the subject matter of the action. Johnston v. Schlarb, 7 Wash.2d 528, 110 P.2d 190, 134 A.L.R. 474. As to the degree of relevance needed to invoke the absolute shield of this immunity, the courts are most liberal. * * *"
See also Rainier's Dairies v. Raritan Valley Farms, Inc., 19 N.J. 552 (1955); Rogers v. Thompson, 89 N.J.L. 639 (E. & A. 1916); O'Regan v. Schermerhorn, 25 N.J. Misc. 1 (Sup. Ct. 1946). Cf., La Porta v. Leonard, 88 N.J.L. 663 (E. & A. 1915).
Numerous cases illustrating the application of these rules are collected in the annotations in 134 A.L.R. 483, *309 42 A.L.R. 878, and 16 A.L.R. 746. In 134 A.L.R. 485 it is said:
"The question whether allegations of pleadings in judicial proceedings sufficiently relate to the legitimate issues thereof, and therefore fall within the protection of privilege, is purely one of law, to be decided only by the court, and in this process every presumption and intendment will be indulged in favor of relevancy or pertinency, the burden of proving otherwise being upon the one seeking to show that the allegations were unprivileged, * * *"
Applying these rules to the allegations complained of here we find that they were not so unrelated to the subject matter of the action in which they were asserted as to forfeit the privilege.
The judgment appealed from is therefore affirmed. No costs.