DAVID G. ROTH et al., Plaintiffs, v. ATEX PRODUCTS, INC., et al., Defendants.

Supreme Court, Special Term, Nassau County, June 14, 1962.

*Herman Lieblich* for Atex Products, Inc., and another, defendants. *Morton Singer* for plaintiffs.

MARIO PITTONI, J. Motion by the defendants, Atex Products, Inc., Robert F. Sohne and Gerald C. Sohne, individually and doing business as G. C. S. Electronics Co.: (1) to dismiss the "First" cause of action pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, or in the alternative, to separately state and number the causes of action contained therein, pursuant to rule 90 of the Rules of Civil Practice, and (2) to dismiss pursuant to subdivision 4 of rule 106, or to separately state and number pursuant to rule 90 of the Rules of Civil Practice, the "Second," "Third," "Eighth," "Ninth," "Fourteenth" and "Fifteenth" causes of action of the amended complaint.

In this complaint 19 causes of action are pleaded. The "First" is by the plaintiff corporation against all of the defendants. It is for an injunction and damages — the plaintiff contending that pursuant to a plan or scheme, to which all of the defendants were and are parties, oral and written statements of

a derogatory nature have been made, and will be made to the customers of the plaintiff and to the owners of "locations" wherein the plaintiff had placed, or may desire to place its tube testing equipment and supplies. Admittedly the theory of the action is based upon *Wolf* v. *Gold* (9 A D 2d 257). But the 21 paragraphs of this action as pleaded clearly violate the statute (Civ. Prac. Act, § 241) that a "pleading shall contain a *plain and concise statement of the material facts, without unnecessary repetition,* on which the party pleading relies, but not the evidence by which they are to be proved" (italics supplied). Here, many paragraphs contain numerous allegations, and many of the allegations contained in one paragraph are unnecessarily repeated in one or more other paragraphs. In addition, one paragraph in particular ("18") contains matter entirely irrelevant to an action by the corporation — matter pertaining to injuries sustained or to be sustained by the individual plaintiffs. Again, the complaint should state: the date when the conspiracy of the defendants to deprive the plaintiff of its business was formed; and the substance of the agreement made by the conspirators. Paragraph 11 is clearly insufficient to show any agreement to injure the plaintiff before the incidents of which the plaintiff complains occurred.

The court does not intend to redraft this cause of action to state a cause of action in conformance with section 241 of the Civil Practice Act. Instead the cause will be dismissed pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice.

In *Safer Beef Co.* v. *Northern Boneless Beef* (15 A D 2d 479–480) the court said: "Section 241 of the Civil Practice Act provides that every pleading shall contain a plain and concise statement of the material facts upon which a party relies. While pleadings are to be liberally construed, it is not intended to change the basic requirement that a complaint should contain such plain and concise statement as the afore-mentioned rule provides. The pleading, read in its entirety, might well contain facts sufficient to constitute a cause of action. However 'The court should not be compelled to wade through a mass of verbiage and superfluous matter in order to pick out an allegation here and there, which, pieced together with other statements taken from another part of the complaint, will state a cause of action.'"

The motion under rule 90 of the Rules of Civil Practice is denied — the plaintiff has attempted to state only one cause of action.

The remaining causes to which the movants object are actions in slander. These causes are fatally defective in that the exact

words which were spoken of the plaintiffs in those causes are not stated. It is obvious that the words contained in quotation marks in paragraphs 25, 31, 46, 49, 59 and 61 were never uttered in that form. As stated in *Al Raschid* v. *News Syndicate Co.* (265 N. Y. 1, 5) : " Even in libel and slander * * * the words written or spoken must be pleaded ". (See, also, *Ginsberg* v. *Farmers Nat. Bank of Hudson*, 20 Misc 2d 874.) Also, to state that the slanderous remarks were uttered in the latter part of a year is too indefinite — a specific date should be pleaded (*Szwarce* v. *Buenaventura*, 82 N. Y. S. 2d 292). Moreover, as Mr. Justice MEYER wrote on March 5, 1962, on a motion addressed to the original complaint " Each publication of defamatory matter is a cause of action separate and complete in itself (*Fisher* v. *New Yorker Staats-Zeitung*, 114 App. Div. 824) ". (*Roth* v. *Atex Products*, N. Y. L. J., March 8, 1962, p. 16, cols. 3, 4.) Here, each of the causes refers at least to two separate and distinct utterances or publications. Therefore, each of those causes should be repleaded.

Accordingly: as to the " First " cause of action, the motion is granted pursuant to subdivision 4 of rule 106, but denied as to rule 90 of the Rules of Civil Practice; as to the " Second ", " Third ", " Eighth ", " Ninth ", " Fourteenth " and " Fifteenth ", the motion is granted pursuant to both subdivision 4 of rule 106 and rule 90 of the Rules of Civil Practice.

Permission to serve a second amended complaint within 20 days after the service of a copy of the order is hereby given.

The plaintiff shall also pay $20 to each movant herein to encourage greater future effort toward compliance with section 241 of the Civil Practice Act.