HERBERT M. SELTZER, Respondent, v. LILLIAN FIELDS et al., Appellants.

First Department, December 12, 1963.

*Aaron Lipper* of counsel (*Richard B. Dannenberg* with him on the brief; *Lipper, Shinn, Keeley & Dannenberg,* attorneys), for appellants.

*Saul Sorkin* for respondent.

BREITEL, J. Defendants, alleged to have libelled plaintiff, appeal from an order denying their motion to dismiss the complaint for insufficiency, asserting that the matter is not libelous per se and that the publication, via complaint in a previous action, was absolutely privileged.

The order should be reversed and the motion to dismiss granted. The disposition, however, should be without prejudice to the bringing of a new action, if plaintiff be so advised.

Defendant wife was a limited partner in a partnership realty company. She, as plaintiff, and her husband, as attorney and accountant, commenced the previous action against the other partners. The complaint sought a dissolution of the partnership and an accounting because of breach of the limited partnership agreement and misconduct by the general partners (see Partnership Law, §§ 63, 99). One specific charge was that the partnership books and records were inadequately maintained contrary to proper accounting practice.

Plaintiff in this action, an accountant, was not a defendant in that action. Nevertheless, the prior complaint alleged that, while defendant husband was examining the books and records of the partnership in search of improprieties, plaintiff accountant, who was "then accountant for the partnership, forcibly pulled work sheets and notes from plaintiff's accountant's possession, and tore and destroyed notes made by plaintiff's accountant."

Plaintiff in this action contends that the allegation is libelous per se. He also alleges "Upon information and belief that defendants published their false and defamatory statements concerning plaintiff to persons not named as parties to the judicial proceeding of the [limited partnership action] * * * and to parties named but not served or intended to be served with a summons and in a manner which maliciously expanded defendant's [sic] audience for said false and defamatory statements concerning plaintiff."

Since the complaint allegation was not shown to be impertinent or beyond the scope of the issues of the previous action, its use in that action was absolutely privileged. The claim of excessive publication is another matter; but the allegation of publications unconnected with the judicial proceeding is not pleaded sufficiently.

The public interest in preserving the absolute privilege afforded pertinent writings and words used in the course of a judicial proceeding was described in *Youmans* v. *Smith* (153 N. Y. 214, 219–220) as follows: " the courts are liberal * * * because the due administration of justice requires that the rights of clients should not be imperiled by subjecting their legal advisers to the constant fear of suits for libel or slander. * * * Any other rule would be an impediment to justice, because it would hamper the search for truth and prevent making inquiries with that freedom and boldness which the welfare of society

requires. If counsel through an excess of zeal to serve their clients, or in order to gratify their own vindictive feelings, go beyond the bounds of reason and by main force bring into a lawsuit matters so obviously impertinent as not to admit of discussion * * * they lose their privilege and must take the consequences." (See, also, *Marsh* v. *Ellsworth*, 50 N. Y. 309, 312; Seelman, Law of Libel and Slander, pars. 191, 192, 199.)

Thus, it will not suffice merely to show that it was unnecessary to plead the offending allegation (see *Marson* v. *Darrow*, 8 A D 2d 307, 309, app. dsmd. 7 N Y 2d 888; *Chapman* v. *Dick*, 197 App. Div. 551, 554; *Lesser* v. *International Trust Co.*, 175 App. Div. 12, 17). The strong policy in favor of unhampered litigation has been applied consistently. In recent decisions complaints have been dismissed for failure to show that the supposedly libelous allegation is "clearly impertinent or beyond the scope of the issues involved" (*Spieler* v. *Gottesman*, 12 A D 2d 894, affd. 11 N Y 2d 815; *Marson* v. *Darrow, supra*; *Goldwater* v. *Merchants Importing*, 6 A D 2d 777). If alleged defamations "may possibly be pertinent" they are privileged (*Feldman* v. *Bernham*, 6 A D 2d 498, 500, affd. 7 N Y 2d 772; *People ex rel. Bensky* v. *Warden*, 258 N. Y. 55, 59; *Andrews* v. *Gardiner*, 224 N. Y. 440, 445; *Youmans* v. *Smith, supra*; *Chapman* v. *Dick, supra*, p. 559; see Restatement, Torts, § 587, *Comment c*; Seelman, *op cit.*, par. 199).

Thus, the distinction is made in the law of defamation between the material and relevant and the possibly pertinent. At least for the law of defamation, therefore, whatever may be the logic or the rule elsewhere, the possibly pertinent need be neither relevant nor material to the threshold degree required in other areas of the law. It is enough if the offending statement may possibly bear on the issues in litigation now or at some future time. Presumably there is some residual test of rationality, but it would seem that the barest rationality, divorced from any palpable or pragmatic degree of probability, suffices.

The test is well stated in Corpus Juris Secundum (vol. 53, Libel and Slander, § 104, subd. c, par. [b]) and expresses the same teaching as that of the New York authorities. It reads: "In the earliest of the leading cases on the subject the words used in determining the extent of matter that may be absolutely privileged were 'relevant' or 'pertinent;' but these words have in a measure a technical meaning, and perhaps they are not the best words that could be used. So some courts have preferred the use of the words 'have in reference,' 'having relation to the cause or subject matter,' or 'made with reference;' and

strict legal materiality or relevancy is not required to confer the privilege. There is difficulty in determining in some cases what is relevant or pertinent, and in deciding the question the courts are liberal, and the privilege embraces anything that may possibly be pertinent or which has enough appearance of connection with the case so that a reasonable man might think it relevant. All doubt should be resolved in favor of its relevancy or pertinency, and for the purposes of relevancy the court will assume the alleged slanderous charges to be true, however false they may have been in fact."

Plaintiff accountant has not shown the requisite manifest impertinency. The allegation of forcible interference by the partnership's accountant with the examination of the partnership's books by the husband of the partner, though perhaps containing evidentiary matter, is pertinent to the charges of improprieties and inadequate bookkeeping.

However, as set forth above, plaintiff accountant alleges that separate publications were made which were not connected with the litigation. A corollary of the pertinency rule is that the absolute privilege is afforded only to those publications made " during the course of " or, stated differently, " as part of ", the judicial proceeding. The rule when precisely phrased contains such words (see, e.g., *People ex rel. Bensky* v. *Warden*, 258 N. Y. 55, 59, *supra*; *Youmans* v. *Smith*, 153 N. Y. 214, 219, *supra*; Restatement, Torts, § 587, *supra*; 53 C. J. S., Libel and Slander, § 104, subd. a). Thus, communications unconnected with the judicial proceeding are not cloaked with the absolute privilege (*Burlingame* v. *Burlingame*, 8 Cow. 141, 145; Note, Developments in the Law, Defamation, 69 Harv. L. Rev. 875, 922–924; see Prosser, Torts [2d ed.], pp. 610–611).*

But, as noted, plaintiff accountant's conclusory allegation of unconnected publications is not sufficiently definite or informative. It does not set forth the libelous matter either directly or by incorporation, and it does not give sufficient detail concerning the publications. The exact language constituting the libel must be pleaded (e.g., *Brandt* v. *Winchell*, 3 N Y 2d 628,

---

* Compare *Simon* v. *Stim*, 11 Misc 2d 653, affd. 10 A D 2d 647 (involving letter and affidavit in pending litigation); *Beggs* v. *McCrea*, 62 App. Div. 39 (involving a pre-litigation affidavit); *Simon* v. *Potts*, 33 Misc 2d 183 (involving a letter in pending litigation), and *Zirn* v. *Cullom*, 187 Misc. 241 (involving answer, affidavit and letter in pending litigation) with *State-Wide Ins. Co.* v. *Glavin*, 18 A D 2d 629 (involving letter during pending litigation); *Lapetina* v. *Santangelo*, 124 App. Div. 519 (involving pre-litigation letter). Cf. *Pecue* v. *West*, 233 N. Y. 316, involving complaint to District Attorney.

636; *Langert* v. *Scalamandre,* 9 A D 2d 647). Moreover, present practice requires that plaintiff allege the time, manner, and the persons to whom the publication was made (e.g., *Wesson* v. *Dullzell,* 8 A D 2d 597; *Roth* v. *Atex Prods.,* 35 Misc 2d 136, 138 [Pittoni, J.]; *Candiloro* v. *Spaulding,* 134 N. Y. S. 2d 895, 896 [Hecht, J.]). Plaintiff accountant's brief states, again without much detail, that the complaint in the previous action "was left indiscriminately in mail boxes, shoved under doors and otherwise broadcast for the purpose of publication, but not for the prosecution of the action." Of course, even if the statements in the brief were more detailed, they may not be used to remedy inadequate complaint allegations. However, plaintiff accountant may, perhaps, be able to allege and prove a cause or causes of action based upon some unconnected publications.

It should be recognized that this court does not now pass upon what would be a properly pleaded allegation of excessive or unconnected publication. Moreover, no opinion is expressed whether delivery to a news medium, itself vested with the privilege of fair report or comment, falls outside the absolute privilege. And, to be sure, one might have at least a qualified privilege, if not an absolute one, in some distinguishable relationship, to disseminate material arising from litigation proceedings (cf. Civil Rights Law, § 74). In short, there may be linking, albeit separable, privileges.

Accordingly, the order denying the motion to dismiss should be reversed on the law, with costs to defendants-appellants, and the motion to dismiss should be granted, with costs, but without prejudice to the institution of a new action by plaintiff-respondent based on appropriate allegations of libelous publications by defendants-appellants concerning the matters involved in the previous action but not made in the course of or as a part of that action.

Botein, P. J., Eager, Steuer and Witmer, JJ., concur.

Order, entered on August 2, 1963, unanimously reversed on the law, with $20 costs and disbursements to appellants, and the motion to dismiss granted, with $10 costs, but without prejudice to the institution of a new action by plaintiff-respondent based on appropriate allegations of libelous publications by defendants-appellants concerning the matters involved in the previous action but not made in the course of or as a part of that action.