ALFRED TOKER, Respondent, v HARRY R. POLLAK, Respondent, and HENRY J. STERN, Appellant.

First Department, February 17, 1977

*Allen G. Schwartz* of counsel *(Dale A. Schreiber* with him on the brief; *Schwartz, Halperin & Schreiber, P. C.,* attorneys), for appellant.

*Murray L. Lewis* of counsel *(Darell Buchbinder,* attorney), for Alfred Toker, respondent.

*Edward Agnew McDonald* of counsel *(Peter L. Zimroth* with him on the brief), for Robert M. Morgenthau, District Attorney, *amicus curiae.*

*L. Kevin Sheridan* of counsel *(Thomas H. Roche* with him on the brief), for W. Bernard Richland, Corporation Counsel, *amicus curiae.*

*Stuart A. Summit* of counsel *(Miller & Summit,* attorneys), for the Mayor's Committee on the Judiciary, *amicus curiae.*

SILVERMAN, J. In this action for libel and slander, plaintiff alleges that defendants' published statements and reports concerning plaintiff constituted a direct accusation of a criminal act and a nonprofessional act by plaintiff, an Assistant Corporation Counsel of the City of New York. Defendant Stern, now a Councilman of the City of New York, moved for

summary judgment dismissing the complaint. Special Term denied the motion and defendant Stern appeals.

It appears that in 1972, when plaintiff was a candidate in the primary election for Judge of the Civil Court of the City of New York, defendant Stern called Victor A. Kovner, Esq., a member of the Mayor's Committee on Judiciary, and informed him that an attorney, whom defendant Stern had retained to bring a personal injury action on behalf of his mother in 1963, had told said defendant of this alleged criminal and unprofessional act by plaintiff. Mr. Kovner stated that the Mayor's Committee on Judiciary had no jurisdiction with respect to the election of Judges. In 1974, however, plaintiff's name came up before the Mayor's Committee on Judiciary for a possible appointment as a Judge of one of the New York City courts. Mr. Kovner informed the committee of his conversation. The committee decided to refer the matter to the New York City Commissioner of Investigation. Mr. Kovner asked defendant Stern whether he would respond to inquiries by the Commissioner of Investigation. Defendant Stern stated that as a public official he was obliged to do so, but he stated that he had no direct personal knowledge of any actions by plaintiff. Thereafter the Commissioner of Investigation informed defendant Stern that he was conducting an official investigation and asked Stern to appear before the commissioner. Defendant Stern did so and apparently repeated the story that he had been told, telling the commissioner that he (Stern) had no personal knowledge of the events. The Commissioner of Investigation decided to refer the matter to the District Attorney of New York County. The District Attorney requested Stern to appear at his office, which Stern did. The Assistant District Attorney stated that an official investigation had been started and that unless Stern provided complete answers to all questions, Stern would be subpoenaed before the Grand Jury. Stern answered the questions, again indicating that he had no personal knowledge. The District Attorney requested an affidavit summarizing Stern's testimony, in lieu of Grand Jury testimony, and told Stern that if the affidavit was not provided, Stern would be summoned before the Grand Jury. Stern submitted such an affidavit. Thereafter the District Attorney decided that there was no legal evidence of wrongdoing by plaintiff.

On this appeal, defendant Stern has chosen not to argue any defense based on the doctrine of *New York Times Co. v*

*Sullivan* (376 US 254 [1964]). Furthermore, although all parties are agreed that the situation is one in which at least a qualified privilege exists, defendant Stern has chosen not to argue the question of malice (or other legally equivalent fault), which would destroy a qualified privilege. Instead, on this appeal defendant Stern has urged only that his various statements are protected by absolute privilege, and that is, therefore, the only question which we now pass upon.

The first cause of action is for libel. The only written statement that defendant Stern gave appears to be the affidavit which he furnished to the District Attorney. In *Pecue v West* (233 NY 316, 321 [1922]), the Court of Appeals held that absolute privilege does not apply to a complaint to a District Attorney, as such a complaint is not a judicial proceeding. The doctrine of the *Pecue* case has perhaps been eroded by the Court of Appeals' decision in *Weiner v Weintraub* (22 NY2d 330 [1968]) holding that a complaint to a grievance committee of a bar association is the institution of a judicial proceeding protected by absolute privilege. And in *Julien J. Studley, Inc. v Lefrak* (50 AD2d 162 [1975]) our brethren in the Second Department held that an affidavit submitted to the Department of State of the State of New York in support of a complaint charging a real estate broker with breach of fiduciary duty and untrustworthiness was protected by absolute privilege for the reason that it was in connection with a license revocation proceeding in which the administrative agency holds a hearing and that therefore the proceeding was at least quasi-judicial in nature, and that there was a compelling interest in favor of absolute privilege. But taking the doctrine of the *Pecue* case at face value, we think there was still an absolute privilege here. "It is not absolutely essential, in order to obtain the benefits of absolute privilege, that the language claimed to be defamatory be spoken in open court or contained in a pleading, brief, or affidavit." *(Zirn v Cullom,* 187 Misc 241, 243 [1946].) In *Seltzer v Fields* (20 AD2d 60, 63 n. [1963], affd 14 NY2d 624 [1964]), this court indicated the applicability of absolute privilege to prelitigation affidavits and letters. Plainly, if defendant Stern had been called before the Grand Jury, his testimony would have been protected by absolute privilege. And here, his affidavit was given at the request of the District Attorney in lieu of testimony before the Grand Jury. We think that affidavit was so closely related to the functioning of the Grand Jury that it is protected by

absolute privilege. In this respect the instant case is very similar to *Beggs v McCrea* (62 App Div 39, 41 [1901]), a case involving an affidavit before litigation, apparently for use in a litigation, in which the court said: "Nor do I think that the fact that a person makes an affidavit without requiring the party requesting it to take proceedings to have his deposition taken deprives him of the protection of the privilege that is extended to a witness or person making an affidavit used in a judicial proceeding. If the defendant had refused to make an affidavit as to the facts within his knowledge he could have been compelled to make a deposition before a referee under section 885 of the Code of Civil Procedure, and that he made the affidavit without requiring that such an application be made would have no effect upon the question as to whether the affidavit when made was privileged."

Accordingly, we hold that the first cause of action, being for libel, should have been dismissed.

With respect to the second cause of action—for slander—the situation is somewhat different.

We need not discuss the question of privilege with respect to the Mayor's Committee on Judiciary; it is fairly arguable that there is no showing that defendant Stern repeated his statement to the committee within the period of the Statute of Limitations. And it is at least arguable that the oral statements to the District Attorney should have the same absolute privilege as testimony before the Grand Jury because they were a substitute for testimony before the Grand Jury, made at the request of the District Attorney and upon the District Attorney's statement that otherwise the defendant would be called to give his statement before the Grand Jury.

But the oral statements to the Commissioner of Investigation rest on a different footing. Although the Commissioner of Investigation has subpoena power, he does not have quasi-judicial power—he does not hold quasi-judicial hearings or make quasi-judicial findings. In *Pecue v West* (233 NY 316, 321, *supra*) the Court of Appeals said: "We have said impliedly that the rule [of absolute privilege] applies only to a proceeding in court or one before an officer having attributes similar to a court. It is not applied 'to proceedings which, though official and public, are not in substance judicial,' and it is 'the tendency of courts to restrict the scope of absolute privilege in libel.' "

It has been argued that absolute privilege should apply to

statements made to both the Mayor's Committee on Judiciary and to the Commissioner of Investigation. The public interest considerations stated by the Court of Appeals in favor of extending absolute privilege to statements made to grievance committees of bar associations *(Weiner v Weintraub,* 22 NY2d 330, *supra)* seem to be largely applicable to the Mayor's Committee on Judiciary. "The necessity of maintaining the high standards of our bar" is surely no greater than the necessity of maintaining the high standards of our judiciary.

In the light of the Court of Appeals' ruling in *Pecue v West,* and in recognition of our functions as an intermediate appellate court, we must continue to limit absolute privilege to judicial and quasi-judicial proceedings unless and until the Court of Appeals or the Legislature tells us otherwise.

Accordingly, Special Term properly denied summary judgment dismissing the second cause of action.

The order appealed from dated June 1, 1976, should be modified on the law, without costs, so as to grant defendant Stern's motion to renew and grant summary judgment dismissing the first cause of action and otherwise affirmed.

In view of this determination, the appeal from the earlier order of May 23, 1975, should be dismissed, without costs, as moot.

STEVENS, P. J., and KUPFERMAN, J., concur; MURPHY and NUNEZ, JJ., dissent and would affirm on opinion of KORN, J.

Order, Supreme Court, New York County, entered on June 1, 1976, modified, on the law, so as to grant defendant-appellant's motion to renew and grant summary judgment dismissing and severing the first cause of action as to him, and otherwise affirmed, without costs and without disbursements.

Appeal from order, Supreme Court, New York County, entered on May 23, 1975, unanimously dismissed as moot, without costs and without disbursements.