OPINION OF THE COURT
Frank X. Altimari, J.
This is a motion by the plaintiff for an order dismissing the defenses interposed in paragraphs 4 and 6 through 10 of the answer.
The plaintiff, an attorney, brought this libel action against the defendant, an attorney. The basis of the action is a letter dated March 24, 1980. The letter was sent by the defendant addressed to the plaintiff’s law partner who is also plaintiff’s cotrustee under a trust instrument.
The subject letter was sent prior to the institution of the within action and prior to the commencement of a matrimonial action between the plaintiff’s wife and the plaintiff attorney. In the fifth cause of action of the matri *507 monial action, the wife of the plaintiff herein alleged that her husband fraudulently induced her to execute the trust instrument and a deed to the marital residence of which she was the sole owner.
The plaintiff here alleges that the following language of the March 24, 1980 letter was defamatory:
“I fail to see the logic of your argument * * * that Mr, Rosen did not fraudulently induce his wife to make the transfer * * *
“It is Mr. Rosen who has attempted to defraud his wife”.
For the purposes of the determination the court assumes that the quoted language is libelous.
Paragraph 4 of the answer sets forth that the recipient of the letter was the plaintiff’s lawyer in connection with the matrimonial dispute. Paragraph 5 of the answer alleges the truth of the contents of the letter. Those two paragraphs constitute the defendant’s first defense. This court is of the view that the allegations of paragraph 4 are surplusage and are therefore stricken.
The claim that the recipient of the letter was plaintiff’s attorney in connection with the matrimonial dispute has no relevance to the defense of truth. Plaintiff further claims that the recipient of the letter was not his attorney at the time the letter was sent and defendant was so notified by a previous letter, dated March 14, 1980 by the recipient of the March 24, 1980 letter. Nevertheless, the defense of truth contained in paragraph 5 of the answer remains a viable defense.
Paragraph 6 of the answer, which sets forth the second defense, states: “The letter dated March 24, 1980, was sent only to plaintiff’s counsel to institute, and in connection with, a judicial proceeding and is absolutely privileged.”
In Marsh v Ellsworth (50 NY 309, 311-312) the court stated as follows: “The law is well settled that a counsel or party conducting judicial proceedings is privileged in respect to words or writings used in the course of such proceedings reflecting injuriously upon others, when such words and writings are material and pertinent to the *508 questions involved * * * within such limit, the protection is complete, irrespective of the motive with which they are used”. (See, also, Youmans v Smith, 153 NY 214.) The privilege also applies to witnesses. (See Andrews v Gardiner, 224 NY 440; Beggs v McCrea, 62 App Div 39.)
There is no question that the term “in the course of” judicial proceedings embraces events occurring in open court or words or writings contained in pleadings or briefs or affidavits submitted to the court or other judicial or quasi-judicial body (see Martirano v Frost, 25 NY2d 505; Toker v Poliak, 44 NY2d 211; Wiener v Weintraub, 22 NY2d 330). Moreover, the term has been interpreted to include letters between parties and their attorneys or sent to the court during pendency of proceedings (Simon v Potts, 33 Misc 2d 183), unsolicited offers of settlement (Zirn v Cullom, 187 Misc 241), briefs on appeal and words spoken during an examination conducted pursuant to an order of discovery (Kraushaar v Lavin, 39 NYS2d 880). (See Klein v McGauley, 29 AD2d 418, 420.)
Thus, the critical issue is whether the March 24, 1980 letter which was sent by the attorney for the wife, a potential litigant in the later commenced matrimonial action, may be construed to be within the cloak of the immunity provided by the rule of absolute privilege.
The subject letter was sent on March 24,1980. The matrimonial action, which included a cause of action to set aside the conveyance of the marital residence based upon fraud and overreaching by the husband, was commenced on June 4, 1980.
Other jurisdictions which have considered the precise issue have held that such a communication by a lawyer is protected by the privilege provided that the defamatory matter has some connection or is relevant to the incipient litigation (Lerette v Dean Witter Organization, 60 Cal App 3d 573; Sriberg v Raymond, 370 Mass 105; see, also, Sriberg v Raymond, 544 F2d 15; Smith v Suburban Rest., — Mass —, 373 NE2d 215; Larmour v Campanale, 96 Cal App 3d 566; Brown v Collins, 402 F2d 209; see, generally, Ann. 36 ALR3d 1328).
*509 The decisions of our sister jurisdictions rests upon section 586 of the Restatement of Torts and the comments thereto. (Restatement, Torts, § 586; Restatement, Torts 2d § 586 [tentative draft No. 20].)
Section 586 of the Restatement of Torts, second (tentative draft No. 20) states: “An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.” Comment a of section 586 (Restatement, Torts 2d [tentative draft No. 20]) states: “The privilege stated in this Section is based upon a public policy of securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients. Therefore the privilege is absolute. It protects the attorney from liability in an action for defamation irrespective of his purpose in publishing the defamatory matter, his belief in its truth, or even his knowledge of its falsity. These matters are of importance only in determining the amenability of the attorney to the disciplinary power of the court of which he is an officer. The publication of defamatory matter by an attorney is protected not only when made in the institution of the proceedings or in the conduct of litigation before a judicial tribunal, but in conferences and other communications preliminary to the proceeding”. Comment e of section 586 (Restatement, Torts 2d, [tentative draft No. 20]) states: “As to communications preliminary to a proposed judicial proceeding the rule stated in this Section applies only when the communication has some relation to such a proceeding which is contemplated in good faith, and under serious consideration. The bare possibility that such a proceeding might be instituted is not to be used as a cloak to provide immunity for defamation when the possibility is not seriously considered.”
What attorney has not attempted to settle a dispute prior to the service of a summons and complaint. To do so he must describe and outline his client’s position. The potential of abuse in prelitigation communications can be prevented by active enforcement of the relevancy and per *510 tinency requirement (see Lerette v Dean Witter Organization, supra; Larmour v Campanale, supra). Massachusetts requires that the sender of the communication must contemplate the institution of the suit in good faith and seriously consider the commencement of the lawsuit (Briberg v Raymond, supra).
New York has not expressly applied the Restatement rule with respect to communications preliminary to litigation. My research has located only one reported case in New York which applied the absolute privilege rule to a defamatory statement made prior to litigation (Beggs v McCrea, 62 App Div 39, supra).
In Beggs (supra), the plaintiff had been appointed trustee under a will. The beneficiaries of the trust wanted to make an application to remove the plaintiff trustee. The beneficiaries retained counsel. The attorney went to the defendant’s office and asked the defendant to tell him what had occurred in prior litigation between the Mutual Bank and the plaintiff. The defendant, McCrea, was a director and also its attorney. The attorney for the beneficiaries then prepared an affidavit for the defendant to sign. After execution of the affidavit by the defendant the attorney for the beneficiaries submitted the affidavits to the court in the ensuing removal proceedings.
Although the court said it was not necessary to determine whether the applicable privilege was absolute or qualified as there was no evidence of actual malice. However, in disposing of the matter the court stated: “The public interest requires that in a judicial proceeding a person appearing as a witness, either when examined in court or when making an affidavit to be used in court, should be at liberty to state the facts within his knowledge fully and frankly without being subject to a prosecution for libel.” (Beggs v McCrea, supra, p 42.)
The Beggs v McCrea case (supra) is of dubious authority. In Toker v Pollack (56 AD2d 153) the Appellate Division, First Department, expressly relied upon the Beggs case when it held that an affidavit, which was given during an official investigation conducted by the District Attorney prior to commencement of Grand Jury proceedings, was *511 within the absolute privilege rule. The Court of Appeals reversed the determination of the Appellate Division (Taker v Pollack, 44 NY2d 211). The Court of Appeals was of the view that the official investigation conducted by the District Attorney was not a .judicial or quasi-judicial proceeding and therefore the affidavit was not absolutely privileged. Presumably because of such conclusion the court did not consider or discuss the specific issue raised herein.
Nevertheless, the Appellate Division, Second Judicial Department has clearly held that defamatory statements made before the commencement of a judicial proceeding are not within the protection of the absolute privilege rule (Kenny v Cleary, 47 AD2d 531, 532). Moreover, the Third Department has recently relied upon the Kenny decision in reaching a similar conclusion (Uni-Service Risk Mgt. v New York State Assn. of School Business Officials, 62 AD2d 1093).
In light of the aforesaid decisions of the Second and Third Departments and in recognition of my function at Special Term, this court must hold that the absolute privilege applies in New York only to communications, pleadings, affidavits, briefs or letters submitted or sent on and after the commencement of judicial or quasi-judicial proceedings.
Accordingly, the letter dated March 24, 1980 is not cloaked with the immunity afforded by the absolute privilege rule. Consequently, the defendant’s second defense set forth in the answer must be dismissed.
The third defense is also dismissed. A defense that a pleading fails to state a cause of action may not be interposed in an answer (Glenesk v Guidance Realty Corp., 36 AD2d 852). Pleading of such defense is mere surplusage as it may be raised at any time even if not pleaded. (Konow v Sugarman, 71 AD2d 1016.)
The fourth defense interposed by the defendant is set forth in paragraph 8 of the answer. There, the defendant asserts the defense of qualified privilege. “It is an established rule that communications made by one person to another upon a subject in which both have an interest are protected by a qualified privilege.” (Kenny v Cleary, 47 *512 AD2d 531, 532, supra; Gordon v Allstate Ins. Co., 71 AD2d 850.)
For the purposes of this determination it is unnecessary for the court to discuss whether the recipient of the March 24, 1980 letter was the attorney for the plaintiff or the cotrustee under the trust instrument which was about to be the subject of litigation. In either capacity the recipient of the letter had a mutuality of interest in the subject matter of the letter. Consequently, the motion to dismiss the fourth defense is denied.
The fifth defense set forth in the answer is composed of paragraph 9 and paragraph 10. Actually paragraph 9 and paragraph 10 assert two separate and distinct defenses.
Paragraph 9 alleges, “Plaintiff has failed to plead special damages.”
The general rule stated in Nichols v Item Publishers (309 NY 596, 600-601), is that “ ‘A writing is defamatory —that is, actionable without allegation or proof of special damage — if it tends to expose a person to hatred, contempt or aversion, or to induce an evil or unsavory opinion of him in the minds of a substantial number of the community, even though it may impute no moral turpitude to him/ And to that listing of the defamatory should be added a writing which tends to disparage a person in the way of his office, profession or trade.” (See, also, Tracy v Newsday, Inc., 5 NY2d 134.)
This court is of the view that the language of the letter dated March 24, 1980, tends to disparage the plaintiff in his profession, that is, law. Therefore, it was not necessary for the plaintiff to allege special damages. Accordingly, paragraph 9 of the answer is stricken and the defense stated therein is dismissed.
Paragraph 10 of the answer attempts to plead as a defense that the commencement of the within, libel action is an abuse of process. However, the attempt to allege the tort of abuse of process does not constitute a defense to a libel action.
Furthermore, this court, under the guise of liberally construing pleadings, cannot consider the allegation as setting *513 forth a counterclaim based upon the tort of abuse of process. The allegations of paragraph 10 fail to allege actual or special damages. Such averment is a necessity (Board of Educ. v Farmingdale Classroom Teachers Assn., 38 NY2d 397, 405). Accordingly, the defense set forth in paragraph 10 of the answer must be dismissed.
Although this court takes no position whether or not the defendant has a meritorious claim based upon the tort of abuse of process, it is of the view that the defendant should be granted an opportunity to amend his answer for the purpose of asserting such counterclaim. Thus, within 20 days after service upon the attorney for the defendant of a copy of the order to be settled hereon, the defendant may, if he be so advised, serve an amended answer.