**Philip SELDON, Plaintiff Pro Se,**

**v.**

**Jonathan RABINOWITZ and Ravin, Sarasohn, Cook, Baumgarten, Fisch & Baime, Esqs., Defendants.**

**No. 88 Civ. 0968 (JES).**

United States District Court,
S.D. New York.

Feb. 22, 1989.

Philip Seldon, New York City, pro se.

Mound, Cotton & Wollan, New York City (Arthur N. Brook, of counsel), Ravin, Sarasohn, Cook, Baumgarten, Fisch & Baime, Roseland, N.J. (Jonathan I. Rabinowitz, Mitchell B. Seidman, of counsel), for defendants.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

In this action, plaintiff *pro se* Philip Seldon alleges that he was slandered by defendants Jonathan Rabinowitz and Ravin, Sarasohn, Cook, Baumgarten, Fisch & Baime, Esqs ("the Ravin firm").[1] Defendants have moved to dismiss or for summary judgment on the ground that the alleged communication is subject to an absolute privilege. Defendants have also moved for a change of venue. For the reasons that follow, defendants' motion for summary judgment is granted.

## FACTS

Plaintiff Seldon has not controverted the facts as presented by defendants, which are essentially as follows.[2]

Seldon is president of Wine News, Inc. *See* Complaint at ¶ 4. Prestige Capital Corporation ("Prestige") was involved in a dispute with Wine News and Seldon, and retained the Ravin firm as counsel. *See* Affidavit of Jonathan Rabinowitz ("Rabinowitz Aff.") at ¶ 4. Defendant Rabinowitz is associated with the Ravin firm. *See id.* at ¶ 1.

Prestige purchased accounts receivable from Wine News in November of 1986,

---

1. Plaintiff filed this action in New York State Supreme Court. Defendants removed it to this Court pursuant to 28 U.S.C. § 1441 (1982).

2. Plaintiff did not file responsive papers to defendants' motion, although he did appear at Oral Argument. The Court notes that to the extent plaintiff has failed to contradict the facts in defendants' statement pursuant to S.D.N.Y. Local Civil Rule 3(g), those facts are deemed admitted.

although a dispute arose later because of alleged interference by Wine News and Seldon. *See id.* at ¶¶ 5–6. Prestige believed that Wine News and Seldon had directed account debtors not to pay their debts to Prestige, and that either or both of them had threatened to file an involuntary bankruptcy proceeding against Prestige. *See id.* at ¶ 6.

Prestige commenced suit in the United States District Court for the District of New Jersey seeking, *inter alia,* to enjoin Wine News and Seldon from interfering with the collection of these accounts receivable. *See id.* at ¶ 8 and Ex. D. The Court entered an order enjoining plaintiff and Wine News from interfering with the collection of the assigned accounts receivable. *See id.* at Ex. F. Wine News and Seldon were subsequently held in contempt for wilful and intentional violation of the Court's order. *See id.* at Ex. H. Later, an order of permanent injunction was issued which provided for an accounting. *See id.* at Ex. I.

Wine News and Seldon did not provide an accounting in the New Jersey action, and Prestige alleged that Wine News and Seldon had been collecting the accounts receivable. *See id.* at ¶ 14. Prestige moved in the District Court to hold Wine News and Seldon in criminal contempt. *See id.* at Ex. J.

Seldon then informed defendant Rabinowitz that Wine News had or would be filing for bankruptcy the following day.[3] *See* Complaint at ¶ 5. Rabinowitz then telephoned the attorney for Wine News and Seldon to determine whether a bankruptcy stay would be in effect. *See* Rabinowitz Aff. at ¶ 17. According to the allegations of the Complaint, Rabinowitz stated that a bankruptcy filing would be a "bad faith filing" and that Seldon "had converted $34,000 of [Prestige's] funds." *See*

Complaint at ¶ 6. After being informed that a petition would be filed on behalf of Wine News, Rabinowitz limited the application for criminal contempt to Seldon.[4] *See* Rabinowitz Aff. at ¶ 19.

DISCUSSION

Defendants contend that, even assuming arguendo that the statements were defamatory, they are protected by an absolute privilege as statements made in the course of judicial proceedings. Although this dispute arguably has contacts with both New Jersey and New York, the choice of law issue raised by defendants need not be addressed because the Court concludes that the resolution of this motion would be the same under the law of either state.

Both New Jersey and New York courts recognize an absolute privilege for communications made in the course of judicial proceedings that are material to the litigation. *See Rainier's Dairies v. Raritan Valley Farms, Inc.,* 19 N.J. 552, 558, 117 A.2d 889, 891–92 (1955); *Middlesex Concrete Prods. and Excavating Corp. v. Carteret Indus. Ass'n,* 68 N.J.Super. 85, 91, 172 A.2d 22, 25 (App.Div.1961); *Youmans v. Smith,* 153 N.Y. 214, 219, 47 N.E. 265, 266–67 (1897); *Baratta v. Hubbard,* 136 A.D.2d 467, 468, 523 N.Y.S.2d 107, 108 (1st Dept.1988). The privilege embraces any statement that may possibly be pertinent, and courts have construed pertinency or relevancy liberally, resolving any doubts in favor of upholding the privilege. *See Thourot v. Hartnett,* 56 N.J.Super. 306, 308–09, 152 A.2d 858, 859–60 (App.Div. 1959); *Martirano v. Frost,* 25 N.Y.2d 505, 507–08, 255 N.E.2d 693, 694, 307 N.Y.S.2d 425, 426–27 (1969); *Seltzer v. Fields,* 20 A.D.2d 60, 61–63, 244 N.Y.S.2d 792, 795–96 (1st Dept.1963), *aff'd,* 14 N.Y.2d 624, 198 N.E.2d 368, 249 N.Y.S.2d 174 (1964). Moreover, letters written by attorneys in

---

**3.** Defendant states that he was told that Seldon and Wine News both intended to file for bankruptcy. *See* Rabinowitz Aff. at ¶ 16. This factual dispute, however, is not relevant to a resolution of this motion.

**4.** During the pendency of the New Jersey district court action, Wine News and Seldon filed

an involuntary Chapter 7 petition against Prestige, and the Bankruptcy Court ordered that a bond of $25,000 be posted by Wine News and Seldon or the involuntary petition would be dismissed. *See* Rabinowitz Aff. at Ex. L. The petition was dismissed after the bond was not posted. *See id* at ¶ 21.

connection with matters pertinent to a pending proceeding have been held to be within the privilege. *See DeVivo v. Ascher*, 228 N.J.Super. 453, 457, 550 A.2d 163, 166 (App.Div.1988); *Rosen v. Brandes*, 105 Misc.2d 506, 508, 432 N.Y.S.2d 597, 599 (Nassau Cty.1980); *Simon v. Potts*, 33 Misc.2d 183, 192, 225 N.Y.S.2d 690, 701 (Rensselaer Cty.1962).

The Court concludes therefore that the communication at issue here is subject to an absolute privilege under either New Jersey or New York law. Seldon, the plaintiff here, was engaged in litigation with Prestige, which was represented by the defendants. The communication which is alleged to be defamatory was clearly made in the course of the New Jersey proceeding, by defendant Rabinowitz to an attorney for Seldon, and was made to ascertain whether either Seldon or Wine News would be subject to a bankruptcy stay. This is especially clear because after being informed by Seldon's attorney that Wine News would be filing for bankruptcy, Rabinowitz limited the contempt motion to Seldon.[5]

The Court rejects Seldon's argument that the statement that he had converted funds of Prestige was not relevant to the New Jersey proceeding. *See Thourot, supra*, 56 N.J.Super. at 308–09, 152 A.2d at 859–60; *Martirano, supra*, 25 N.Y.2d at 507–08, 255 N.E.2d at 694, 307 N.Y.S.2d at 426–27. Under the liberal standard of relevance referred to above, the statement was clearly relevant because whether Wine News and Seldon had withheld checks or converted funds was an issue in the New Jersey District Court proceeding. The Court therefore cannot find that the alleged defamatory statement was so far removed from the subject of the New Jersey District Court action so as to render it unprotected by an absolute privilege.[6]

CONCLUSION

For the reasons stated above, defendants motion for summary judgment is granted, and the complaint is dismissed. The clerk shall enter judgment accordingly and close the above-captioned action.

It is SO ORDERED.

---

**5.** The Court notes that criminal contempt proceedings have been held to be not subject to the automatic stay. *See In re Anoai*, 61 B.R. 918, 921–22 (Bankr.D.Conn.1986); *see also* 11 U.S.C. § 362(b)(1) (1982). However, this does not affect the Court's determination that these statements were made in the course of the New Jersey District Court action to ascertain whether either of the defendants in that action would be filing for bankruptcy.

**6.** Because the Court concludes that defendants' motion for summary judgment must be granted, it is unnecessary to address the motion for a change of venue.