EDWIN D. ROGERS, APPELLANT, v. CHARLES S. THOMP-
SON, RESPONDENT.

Argued June 28, 1916—Decided November 20, 1916.

1. The meeting of the creditors of a bankrupt for the election of a
   trustee held by a referee in bankruptcy to whom the matter had
   been referred by the bankruptcy court, is a judicial proceeding,
   and a slanderous communication made by counsel for some of the
   creditors to the referee at such a meeting, concerning one of the
   candidates for election as trustee, if relevant and pertinent to the
   subject-matter under consideration, is privileged, and counsel is
   not liable in an action for slander although what was said was
   uttered maliciously.
2. At such a meeting creditors are entitled to be represented by an
   agent, attorney or proxy, and one employed as attorney for a
   creditor is entitled to the privilege accorded to counsel in any
   judicial proceeding.

On appeal from the Supreme Court, Burlington Circuit.

For the appellant, *V. Claude Palmer.*

For the respondent, *James Mercer Davis.*

The opinion of the court was delivered by

BERGEN, J. At a meeting of the creditors of a bankrupt
held for the election of a trustee by a referee in bankruptcy
duly appointed by a federal court having jurisdiction of bank-
ruptcy cases, the plaintiff was a candidate for election as trus-
tee, and the defendant, appearing for some of the creditors
opposing such election, said to the referee, "He is not a fit
man, he is not straight and upright; I do not think our
claim will be properly taken care of." Because of this state-
ment the referee refused to approve the election of the plaint-
iff and another was selected, whereupon plaintiff brought his
action against the defendant for slander based upon the words
above quoted from the plaintiff's complaint. The trial court
directed a verdict for the defendant upon two grounds—(*a*)
that the communication being uttered in the course of a legal

proceeding was privileged; (*b*) that if the proceedings were not judicial the utterance was made under a qualified privilege requiring plaintiff to prove malice, in which respect the court held that the plaintiff had failed. The pertinent part of the case bearing upon the question whether the statement was made during the course of a judicial proceeding or not consists of an admission by defendant that the referee "was conducting a creditors' meeting for the election of a trustee in the bankruptcy estate of Samuel N. Lamb, in Mount Holly; that at that time the creditors were assembled and nominations made for the office of trustee; that in that proceeding Mr. Charles S. Thompson appeared as attorney for one of the creditors, and that he made the statement attributed to him in the complaint on that occasion," and also of the record of the proceedings before the referee in which it appeared, among the list of "appearances," that the defendant was present representing two creditors, and that when plaintiff was nominated a majority of the creditors voted for him, whereupon the defendant objected to his appointment, and after taking testimony the referee sustained the objection, and called for other nominations, which was complied with and another person elected.

It also appears that defendant was a member of the bar of the State of Pennsylvania, and duly admitted to practice in the United States District Court, for the district of the State of New Jersey, that court having jurisdiction of the bankruptcy matter which it had referred to the referee before whom proceedings were being held, and that the defendant was present as an attorney representing two creditors entitled to participate in the election.

It is necessary to determine at the outset whether the utterance complained of, assuming it to be slanderous, was used in a legal proceeding by one authorized to speak for any of the parties interested in the investigation, and whether it was relevant and pertinent to the matter under consideration, for, if so, it was privileged even if malicious and intended to defame. In *La Porta* v. *Leonard,* 88 *N. J. L.* 663, Mr. Justice Minturn, speaking for this court, said: "Counsel is not liable

to a civil action, nor to a criminal proceeding for anything he may have said in the course of a trial or investigation, although malicious and intended to defame, provided it was relevant and pertinent to the subject-matter of the controversy." That the communication to the referee in the present case was relevant and pertinent to the subject-matter cannot be doubted, for the qualifications of the trustee as to ability and character was material to the creditors and they were entitled to know whether the person to be entrusted with the assets to be administered for their benefit possessed the proper qualifications. Having determined that the communication was relevant and pertinent, the next question to be considered is whether such proceedings before a referee in bankruptcy is a legal or judicial investigation or proceeding.

The act of the congress of the United States relating to bankruptcy (*Comp. Stat.,* § 9622) invests referees in bankruptcy, subject to review by bankruptcy courts, with jurisdiction to consider all petitions referred to them and to make the adjudications or dismiss the petitions; to perform such part of the duties except applications for compositions or discharge, "as are by this act conferred on courts of bankruptcy, and as shall be prescribed by rules or orders by the court of bankruptcy of their respective districts, except as herein otherwise provided." Section 9639, subdivision (*b*) provides that at the first meeting of the creditors, when the trustee is to be elected, "the judge or referee shall preside, and before proceeding with the other business may allow or disallow the claims of creditors."

We have no doubt that the first meeting of the creditors held in this case was a legal proceeding, during which relevant remarks of counsel are privileged, for either the judge of the District Court, or the referee to whom jurisdiction is given to perform all the duties of judge, may preside.

If the judge were present it would hardly be questioned that he was presiding at a judicial proceeding at which a legal matter was being investigated and the federal statute confers upon the referee when he presides the same jurisdiction.

"The referee, in fact, becomes to all intents and purposes

the court of bankruptcy as soon as the case is referred to him." 1 *Rem. Bank.*, § 523, and cases cited.

The meeting was held as part of the proceedings of the court of bankruptcy and was clearly a legal proceeding, and, therefore, if the words charged as slanderous were spoken by one authorized to act as attorney or counsel for one of the parties to the proceeding, they were privileged.

The words alleged to be slanderous, being relevant and pertinent to the issue, and having been uttered during the course of a judicial or legal proceeding, the last question to be decided is whether the defendant was acting as counsel for some of the creditors. He testifies that he represented two creditors as counsel, and the record of the referee's proceedings show that he appeared as counsel for them. He is a member of the bar of the State of Pennsylvania, and duly admitted to practice law in the United States District Court for the district of New Jersey, and he appeared for clients in a judicial proceeding in which parties are allowed to be represented by counsel. The first section of the Federal Bankruptcy act, in defining certain terms, declares that the term "creditor" may include "his duly-authorized agent, attorney or proxy." In the present case, defendant appeared as the duly-authorized attorney-at-law of two interested parties in a legal proceeding in which his clients were entitled to appear by agent, attorney or proxy. We are of opinion that defendant was acting as counsel for interested parties in a judicial proceeding when the communication complained of was made to the referee, and that what was said was relevant and·pertinent to the matter under investigation and therefore privileged.

This makes it unnecessary to consider the other question raised by the appellant.

The judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TREN-CHARD, PARKER, BERGEN. MINTURN, BLACK, WHITE, HEPPENHEIMER, JJ. 9.

*For reversal*—THE CHANCELLOR, GARRISON, KALISCH, WILLIAMS, JJ. 4.