SAMUEL ZIRN, Plaintiff, *v.* NEIL P. CULLOM et al., Defendants.

Supreme Court, Special Term, New York County, May 21, 1946.

*Neil P. Cullom* for defendants.

*Adolph Feldbaum* for plaintiff.

MILLER, J. The first three causes of action are based on allegedly libelous statements made in answers served in a prior suit between this plaintiff and the defendant partnership. Such statements are absolutely privileged unless " the language used goes beyond the bounds of reason and is so clearly impertinent and needlessly defamatory as not to admit of discussion " (*People ex rel. Bensky* v. *Warden,* 258 N. Y. 55, 59–61; see, also, Restatement, Torts, § 587, subd. c). That the statements complained of were pertinent cannot be gainsaid, for the Appellate Division, Second Department, in the prior action (*Zirn* v. *Bradley,* 269 App. Div. 961) squarely held that plaintiff's motion to strike those very statements from the answer, as " irrelevant, immaterial, impertinent ", etc., should have been denied on the merits because " we cannot say that the allegations of which plaintiff complains do not have a direct bearing on the subject matter of the action, and that evidence of the facts pleaded therein would not be admissible on the trial." It follows that the statements were absolutely privileged.

The fourth cause of action is predicated upon a summary of the answer contained in an affidavit submitted by defendants in the Appellate Division in opposition to plaintiff's motion for reargument or leave to appeal to the Court of Appeals. The defense of absolute privilege is clearly a bar to the successful maintenance of the fourth cause of action.

The fifth cause of action is based upon statements made by the attorney for the defendant partnership in a letter to plaintiff, in which said attorney concluded with the suggestion that if plaintiff cared to discontinue the action without costs and give a general release on or before a specified date, he would recommend defendants' acceptance. The statements in the letter, had they been made orally in open court, would clearly have been absolutely privileged. Even if the letter, as claimed

by plaintiff, was spontaneous and not in response to any communication received from plaintiff or his attorney, as an offer of settlement its object was the protection and furtherance of the interests of the defendants in the action then pending. The declaration that the allegations of the answer had been established on the first trial and could be proved again was clearly pertinent to the attempt to induce plaintiff to discontinue and give a general release. It is not absolutely essential, in order to obtain the benefits of absolute privilege, that the language claimed to be defamatory be spoken in open court or contained in a pleading, brief, or affidavit. Thus "The privilege extends to statements made to a solicitor when preparing the witness's proof, and also to letters passing between a solicitor and his client, written for the purpose of giving or obtaining advice." (Odgers on Libel and Slander [6th ed.], p. 198.) "The same privilege exists as to statements made to a party and his solicitor in preparing the proof for trial." (Newell on Slander and Libel [4th ed.], § 369, p. 401.) The only difference between the English rule and that obtaining in this State is that here the statements must be pertinent, while there is no such limitation in England (*People ex rel. Bensky* v. *Warden,* 258 N. Y. 55, 59, *supra*). The absolute privilege, under New York law, applies to all statements or utterances made in the course of a judicial proceeding, provided only that they are pertinent. The letter which forms the basis of the fifth cause of action is held to have been written in the course of a judicial proceeding. In *Moore* v. *M. N. Bank* (123 N. Y. 420) Judge ANDREWS, writing for the court, said (p. 426): " The public interests are sufficiently protected when the privilege is limited to communications which fairly ought to have been made, or in case of judicial proceedings to matters not wholly outside of the cause. But no strained or close construction will be indulged in to exempt a case from the protection of privilege."

The motion for summary judgment is accordingly granted as to all five causes of action.