Charles A. Loreto, J.
Motion to dismiss under rule 106 of the Rules of Civil Practice for failure of plaintiffs to state in the complaint facts sufficient to constitute a cause of action.
Defendant is accused by the plaintiffs of making certain defamatory statements in a letter addressed to the clerk of the Municipal Court, Second District, The Bronx. The letter was submitted prior to trial, in connection with a small claims matter, in which defendant presumably, as an expert attempted to fortify the position of the defendant in the Municipal Court action. It is the defendant’s contention that since the letter was pertinent to the case in court the action was barred on the ground of privilege.
It is established law in this jurisdiction that all statements contained in documents and pleadings pertinent to the issues of a court proceeding are absolutely privileged upon the ground of public policy. (People ex rel. Bensky v. Warden, 258 N. Y. 55.) This rule has been liberally construed so as to afford its protection not only to formal pleadings and affidavits, but also to communications between parties to the action and their attorneys. (See Zirn v. Collum, 187 Misc. 241.)
It is the opinion of the court, however, that the rule of absolute privilege was never meant to apply to unsolicited communications made by persons not directly involved in the litigation, officiously made and not acceptable as evidence. To hold otherwise would open the door wide for abuse detrimental to the public policy the rule is intended to serve.
Motion to dismiss is, therefore, denied.