**Henry W. PETTY, Appellant,**

**v.**

**GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, Ltd., and Potomac Insurance Company.**

**No. 15699.**

United States Court of Appeals Third Circuit.

Argued April 14, 1966.

Decided July 22, 1966.

James M. Davis, Jr., Mount Holly, N. J., for appellant.

John J. Gaffey, Newark, N. J. (Gaffey, Webb & McDermott, Newark, N. J., on the brief), for appellees.

Before McLAUGHLIN, HASTIE and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

HASTIE, Circuit Judge.

The complaint in this diversity action undertook to assert a claim for libel under New Jersey law. It appears that the plaintiff Petty is an architect. He and his partner Croft, together with various other persons who participated in the construction of a building, had been sued in the Superior Court of New Jersey by a workman who alleged that the negligence of the defendants in planning and constructing the building had caused him serious physical injury. The present defendants are two insurance companies which jointly had insured Petty and Croft against the risks of suit and liability for negligence in their professional work. In the policy the insurers contracted to defend any such suit and reserved the right to make whatever settlement they might deem expedient.

The insurers retained counsel to defend Petty and Croft against the injured workman's negligence claim, and counsel thus retained duly appeared for and represented Petty and Croft in that litigation. There came a time when counsel, instructed by the insurers but without the knowledge of Petty, agreed to a settlement of the case as against all defendants for an aggregate of $123,000, to which the insurers would contribute $12,-583.33 for and in the names of Petty and Croft. The settlement to which the insurers thus committed the insured was agreed to in open court and formulated as an entry by the clerk in the records of the court reciting that the case "shall be resolved by entry of Judgment in the amount of $123,000.00 against all named defendants * * *" and that Petty and Croft "have agreed to contribute" $12,583.00 as their share of the total payment.

In the present action Petty alleges that the quoted terms of this settlement falsely "imputed * * * to the plaintiff negligence and malpractice by him in his profession as an architect". His stated theory of libel as it appears in his complaint is that, in authorizing the formulation and entry of the allegedly derogatory terms of settlement in the court's records, the insurers "caused false and libelous writings of perpetual endurance to be made and published in the form of a statement of a verdict by the County Clerk of Burlington County".

After the defendants had answered the complaint, the court, acting upon a motion by the defendants, ordered that summary judgment be entered for the defendants. The plaintiff has appealed.

■ Even if the recorded terms of settlement can be construed as an assertion that Petty had been negligent and incompetent, we are satisfied that the conduct of the insurance companies in causing a court officer to formulate and enter those terms of settlement is protected against any action for defamation by the absolute immunity which the law affords to relevant assertions in the course of judicial proceedings. The Supreme Court of New Jersey has observed that the "most noteworthy illustration of the absolute privilege or immunity is that afforded in judicial proceedings where judges, attorneys, witnesses, parties and jurors are fully protected against defamation actions based on utterances made in the course of the judicial proceedings and having some relation thereto." Rainier's Dairies v. Raritan Valley Farms, 1955, 19 N.J. 552, 558, 117 A.2d 889, 891–892. Cf. Prosser, Torts, 3d ed. 1964, § 109. This rule reflects the prevailing common law view that the public interest in freedom of expression by participants in judicial proceedings, uninhibited by any risk of resultant suits for defamation, outweighs the interest of the individual in the protection of his reputation from defamatory impairment in the judicial forum. Moreover, the judicial controls and supervision which surround a judicial proceeding afford some protection against the risk of defamation there.

■■ In this context, the negotiation of a settlement is a part of a judicial proceeding. Zirn v. Cullom, Sup.Ct.1946, 187 Misc. 241, 63 N.Y.S.2d 439. Indeed, the termination of litigation through settlement is a judicially favored way of disposing of litigation which, in New Jersey, has won the facilitating sanction of appropriate rules. See New Jersey Rules of Civil Practice 4:16–2, 4:29–2B (g), 4:29–5, 4:56A. The propriety of immunity covering this terminal phase of litigation is emphasized in the present case by the fact, disclosed in the record, that the court actively participated in the accomplishment of the settlement and that the allegedly defamatory writing is a court record.

■■ As we already have indicated, statements, whether by parties or their attorneys, relevant to and in the course of judicial proceedings are absolutely privileged. Rogers v. Thompson, 1916, 89 N.J.L. 639, 99 A. 389; Ginsburg v. Black, 7th Cir. 1951, 192 F.2d 823; Irwin v. Ashurst, 1938, 158 Or. 61, 74 P.2d 1127; Zirn v. Cullom, supra. In an effort to place the defendants' conduct outside of this normal scope of the immunity, the appellant urges that the insurance companies which caused the settlement were not parties to the litigation. But that is true only in a strictly formal sense. Petty's insurance policy authorized his insurers to conduct his defense and made it their contractual duty to do so. Petty called upon the insurers to defend this case. Moreover, the attorney who negotiated the settlement, though retained by the insurers, was in fact and law counsel for Petty. New Jersey law recognizes that the immunity which attends judicial proceedings protects both counsel and other representatives who are employed to assist a party in the course of litigation. Middlesex Concrete Products and Excavating Corp. v. Carteret Industrial Ass'n, 1961, 68 N.J.Super. 85, 172 A.2d 22. The authority and interest of the insurance companies here and the status of counsel as Petty's attorney make this

about as strong a case as could be for protecting their conduct as interested and authorized participants in the settlement to the same extent that a formal party would be protected.

We have not overlooked the appellant's reliance upon Laun v. Union Electric Co. of Missouri, 1942, 350 Mo. 572, 166 S.W.2d 1065, 144 A.L.R. 622, for the proposition that one not technically a party to litigation does not come within the absolute privilege. There the corporate defendant, although perhaps financially interested through its subsidiary in the outcome of the litigation, was not in any way an actual or authorized participant in those proceedings in connection with which it claimed immunity. Therefore, the Missouri case lends no substantial support to plaintiff's position. Even if it did so, it would be contrary to the controlling law of New Jersey which surrounds its judicial proceedings with a comprehensive[1] immunity that, in our view, clearly covers the present situation.

The judgment will be affirmed.

---

[1.] As indicia of the liberal construction and broad coverage of the immunity in New Jersey, albeit in situations different from the present case, see Fenning v. S. G. Holding Corp., App.Div.1957, 47 N.J.Super. 110, 135 A.2d 346; O'Regan v. Schermerhorn, Sup.Ct.1946, 50 A.2d 10, 25 N.J.Misc. 1.