SKYLINE SASH, INC., a corporation of Pennsylvania and a citizen of the Commonwealth of Pennsylvania, Plaintiff,

v.

FIDELITY AND CASUALTY CO. OF NEW YORK, a citizen of the State of New York, Defendant and Third-Party Plaintiff,

v.

T. K. JACOB, Third-Party Defendant and Third-Party Plaintiff,

v.

GROOMES CORPORATION, Third-Party Defendant.

Civ. A. No. 64–1313.

United States District Court
W. D. Pennsylvania.

July 28, 1966.

George F. Taylor, Pittsburgh, Pa., for plaintiff.

Robert F. McCabe, Jr., Pittsburgh, Pa., for Fidelity and Casualty Co. of N. Y.

Warren S. Reding, Pittsburgh, Pa., for T. K. Jacob.

John G. Kish, and James H. Brennan, Pittsburgh, Pa., for Groomes Corporation.

MEMORANDUM AND ORDER DIRECTING JUDGMENT PURSUANT TO SETTLEMENT

WILLSON, District Judge.

This civil action came on for trial nonjury on March 29, 1966. Evidence was presented in open court on the claim of the plaintiff Skyline Sash, Inc., against the defendant Fidelity and Casualty Company of New York. Plaintiff had brought suit on a surety bond executed by defendant on behalf of third party defendant Groomes Corporation which was the building contractor under agreement with T. K. Jacob, an individual who had contracted with Groomes to erect an office building. Plaintiff had contracted with Groomes for the furnishing of certain materials and the erection of a portion of the building which was generally called the curtain wall. There is no diversity between plaintiff and the third party defendants. Skyline proceeded directly against the surety claiming a balance due on its contract of a little over $24,000.

During the pretrial proceedings and at the trial it became evident that the party who had the real burden of asserting defenses against plaintiff was T. K. Jacob, the owner of the building. He, of course, was interested in making certain

that plaintiff's work and material complied with the engineering drawings and specifications.

Defendant brought in T. K. Jacob as a third party defendant asserting under Rule 14 liability over for the full amount of plaintiff's claim. Jacob in turn brought in Groomes under the same rule and assertion.

During the course of the trial negotiations for settlement of the issues in this Court took place. During the afternoon of March 30th, counsel in chambers and T. K. Jacob individually and with his counsel, as well as Groomes, each agreed to pay Skyline Sash, plaintiff, the sum of $6250. The settlement clearly appears in the transcript of the reporter, an excerpt of which is filed herewith. This civil action was on the same day dismissed with prejudice against Skyline Sash, but included both third party actions which were dismissed without prejudice.

During the course of the settlement there were some discussions concerning releases to be executed running to and from each of the parties. There was some uncertainty as to whether counsel could agree on the precise language of the releases, and apparently this factor entered into the decision of Mr. Jacob to attempt some days later to withdraw from the settlement.

Plaintiff has not yet received the settlement money. Because of that it has been concerned and has suggested that this Court enforce the settlement. Conferences have been had with counsel and on July 27th John G. Kish, Esq., representing Groomes, left Groomes' check with the Court, payable to counsel for plaintiff in the sum of $6250. This check will be today transmitted to Mr. Taylor, counsel for plaintiff, as it pays Groomes' share of the agreed settlement.

It is believed that under the general powers of the Court, a settlement having taken place in a judicial proceeding, this Court may direct a judgment directly in favor of plaintiff and against T. K. Jacob for his share of the settlement money which he personally agreed to pay plaintiff. It is pointed out that in the event the trial evidence had shown that plaintiff was entitled to recover against Fidelity as surety, it is fairly certain that Fidelity would have recovered on its claim of liability over, at least to some extent, against Jacob. The parties having negotiated a compromise and settlement, it is believed that this Court has authority to see that it is carried out. See the recent discussion by Judge Hastie in Petty v. General Accident Fire & Life Assurance Corporation, 3 Cir., 365 F.2d 419, decided July 22, 1966, where the Court of Appeals strongly indicates that the negotiation of a settlement is a part of judicial proceedings and is much favored by the Courts. An order will be entered directing the Clerk to enter judgment in favor of plaintiff against T. K. Jacob in the sum of $6250.