**Murray D. GROSS, Plaintiff,**

v.

**The PENN MUTUAL LIFE INSUR-ANCE COMPANY, Defendant.**

**Civ. A. No. 71–898.**

United States District Court,
E. D. Pennsylvania.

March 21, 1975.

Norman M. Berger, Philadelphia, Pa., for plaintiff.

George J. Miller, Philadelphia, Pa., for defendant.

## OPINION

DITTER, District Judge.

This action arises out of a dispute over the amount of dividends to be credited to an insurance policy issued by defendant to plaintiff. Presently before me is defendant's motion [1] to enforce a settlement agreement negotiated by counsel for the parties.

Throughout this case, plaintiff, Murray D. Gross, has been represented by a New York attorney, Carl Kanter, Esquire, and his correspondent, Norman M. Berger, Esquire, of Philadelphia. On or about February 22, 1974, plaintiff authorized a settlement pursuant to the

---

1. This Court had occasion almost two years ago to grant partial summary judgment to the defendant. That ruling restricted plaintiff's right of action to dividends which accrued no more than six years prior to commencement of this suit. See *Gross v. Penn Mutual Life Insurance Company*, 356 F. Supp. 664 (E.D.Pa.1973).

terms of an agreement suggested by defendant. Plaintiff's acceptance of this proposal is evidenced by a letter from Mr. Kanter to Mr. Berger which stated in part:

\* \* \* \* \* \*

You are authorized as counsel to Mr. Gross to accept the settlement proposal of the defendant as set forth in the proposed settlement agreement which you forwarded with your letter of December 21, 1973 subject to the following change. In the last paragraph of Article 2 of the settlement agreement, the phrase "shall not be subject to withdrawal by Gross but" shall be inserted in the first line between the words "increased" and "shall". We desire this insertion to assure that the amounts involved in the settlement will not be currently taxable to Mr. Gross as dividends.

\* \* \* \* \* \*

I am also sending this letter to Mr. Gross with the request that he confirm his agreement to the contents hereof by signing a copy of the letter and also returning it to me. I shall let both you and Mr. Gross know promptly when both of you have returned signed copies of this letter.

\* \* \* \* \* \*

Below and to the left of the closing of this letter, where the words "AGREED TO:" were typed, plaintiff affixed his signature. He moreover added in longhand a postscript which read:

P.S. It is also understood and agreed that I am to receive $2,000.00 dividends yearly for the years $\overline{\text{(5)}-1974}^{\text{XX}}$ to 1978 inclusive

Murray D. Gross

A few days thereafter, March 8, 1974, in reliance on this authority, Mr. Berger reached an accord with defendant's counsel, incorporating the change requested in Mr. Kanter's letter. However, on March 20, 1974, plaintiff wrote to Mr. Kanter, stating in part:

\* \* \* \* \* \*

I hereby *revoke and cancel* any and all previous statements and agreements of settlement, be they oral or signed by me concerning my Penn Mutual policy # 1,770,900 [emphasis added].[2]

\* \* \* \* \* \*

As a basis for rescinding the settlement, plaintiff asserts his belief that it would only become effective when he signed a final release. He further alleges he did not understand that the modification he had requested to defendant's proposed agreement could result in a settlement without his signature on some document.

 Settlement is a judicially favored manner to terminate litigation. See *Petty v. General Accident Fire & Life Assurance Corp.*, 365 F.2d 419, 421 (3d Cir. 1966). Moreover, "[a]n agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970); see *Good v. Pennsylvania R.R. Co.*, 384 F.2d 989, 990 (3d Cir. 1967); *Main Line Theaters, Inc. v. Paramount*, 298 F.2d 801, 803 (3d Cir. 1962).[3] Such a settlement is enforceable summarily, upon motion, by a district court in a case pending before it. *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974).

---

2. Ironically, plaintiff's following sentence was, "I am trying to bring this matter to a conclusion."

3. This principle is in full accord with Pennsylvania contract law. Where the parties have settled upon the essential terms, the only act remaining of formalizing the agreement is not inconsistent with the existence of a present contract. See *Field v. Golden Triangle Broadcasting Corp., Inc.*, 451 Pa. 410, 418, 305 A.2d 689 (1973), *cert. denied*, 414 U.S. 1158, 94 S.Ct. 916, 39 L.Ed.2d 110 (1974); *Hatalowich v. Redevelopment Authority of Monessen*, 454 Pa. 481, 486, 312 A.2d 22 (1974); see also Restatement of Contracts § 26 (1932).

It is obvious that plaintiff had a change of heart between the time he agreed to the terms of settlement and when they were reduced to writing. The language plaintiff used in his letter to Mr. Kanter, " . . . I hereby revoke and cancel . . . " shows an intention to withdraw authority previously conferred—and rebuts the contention that such authority had been withheld or was subject to any mental reservations. Here, plaintiff acted too late. The bargain had already been struck on his terms. See *Calhoun v. Cook,* 362 F.Supp. 1249, 1250 (N.D.Ga.) remanded on other grounds, 487 F.2d 680 (5th Cir. 1973). Subject to compliance with the settlement agreement, defendant's motion for summary judgment must be granted.