## Constantino v. McCawley

*George P. Noel,* for plaintiffs.

*Edward S. Lawhorne,* for defendant Farspan Construction Co., Inc.

BLOOM, *J.,* September 20, 1982—The matter currently before this court involves two separate petitions. The defense counsel has petitioned the court to allow his withdrawal based upon lack of coverage by the insurance company, while plaintiffs' counsel has filed a petition to confirm a settlement agreement reached prior to the insurance company instructing its counsel to withdraw.

The facts of this matter are as follows:

1. On or about December 18, 1980 a fire occurred in a fireplace in plaintiffs' home.

2. Plaintiffs sustained damages of $13,204.07.

3. The fireplace was constructed by defendant, Farspan Construction Co., Inc.

4. Suit was begun on January 19, 1982 and on February 18, 1982, Edward S. Lawhorne, Esq. entered his appearance for defendant, Farspan Construction Co., Inc.

5. Plaintiffs' counsel entered into negotiations with Aetna Casualty Insurance Company for settlement of this claim.

6. Subsequently an agreement was reached between plaintiffs and Aetna Casualty Insurance Company to settle this matter for the sum of $8,650.

7. Subsequent to this agreement, plaintiffs settled with defendant McCawley for the sum of $500.

8. Within one month of reaching the agreement, Aetna Casualty Insurance Company determined that there was no coverage. Accordingly, Aetna Casualty Insurance Company refused to pay the settlement figure and they directed counsel to withdraw his petition.

The first issue before this court is whether or not defense counsel should be permitted to withdraw his appearance.

Both parties rely upon a recent decision of our Superior Court in Douglas v. Evans, 299 Pa. Superior Ct. 232, 445 A. 2d 540 (1982). A close reading of this case clearly indicates "if the application (to withdraw) is so long delayed that prejudice will result, withdrawal may be refused."

Defendant contends that because the delay in Douglas, supra, was 16 months while the present delay is at most four months, plaintiffs have not been prejudiced. Clearly, this is in error. The length of the delay is not the essential factor, it is whether or not plaintiffs have been prejudiced that is determinative. The testimony taken on these petitions indicate that based on the agreed settlement, plaintiffs settled their claim against the other defendants in a lesser amount. Clearly, plaintiffs thus have been prejudiced. Plaintiffs are not now free to go back and demand additional compensation from the other defendants.

As Judge Spaeth, in his dissenting opinion in Douglas, supra, clearly pointed out, "If the Lower Court found that prejudice did occur, appellant

would be estopped from raising the question of coverage."

Here plaintiffs acting in good faith have been prejudiced by this petition to withdraw. Accordingly, we must deny the defense counsel's petition to withdraw his appearance.

We now turn to the issue of whether or not plaintiffs are entitled to have the agreement of the parties enforced.

We note that defense counsel has not argued or briefed this point. In the case of Gross v. Penn Mutual Life Insurance, 396 F. Supp., 373 (1975), the Federal Court in applying Pennsylvania Law held "that settlement is a judicially favored manner to terminate litigation." See Petty v. General Accident Fire and Life Assurance Corp., 365 F. 2d 419 (1966). "Moreover, an agreement to settle a law suit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court and even in the absence of a writing." Citing Green v. John H. Lewis & Co., 436 F. 2d 309 (1970).

There is no question that defendant voluntarily entered into an agreement to settle this law suit.

Therefore, we enter the following

## ORDER

And now, September 20, 1982, after review of testimony and briefs presented by respective counsel, it is hereby ordered and decreed that:

1. Defendant's petition to have counsel withdraw his appearance be and the same is denied.

2. Plaintiff's petition to confirm settlement of this matter in the amount of $8,650 be and the same is granted.