Victoria **PERRY**, Plaintiff,

v.

**GOLD & LAINE, P.C.,**
et al, Defendants.

**Civil Action No. 04–6255 (FLW).**

United States District Court,
D. New Jersey.

May 25, 2005.

Victoria Perry, Mt. Laurel, NJ, for Plaintiff.

Carl D. Poplar, Cherry Hill, NJ, for Defendants.

## OPINION

WOLFSON, District Judge.

The Defendants have filed a motion to dismiss Plaintiff *pro se* Victoria Perry's ("Plaintiff" or "Ms. Perry") complaint pursuant to *Fed.R.Civ.P.* 8(a) and 12(b)(6), or in the alternative, for summary judgment, and to have Plaintiff declared a vexatious litigator. The Defendants are Gold & Laine, P.C., Carl D. Poplar, P.A., Jeffrey E. Gold, Esq., Evan E. Laine, Esq., Carl D. Poplar, Esq., Christy A. Cicalese, Michele Laine, Brandon Laine and Jessica Laine. Two issues are before the Court. First, whether Plaintiff's complaint can survive a motion to dismiss, and second, whether Plaintiff should be declared a vexatious litigator pursuant to 28 U.S.C. § 1927. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1367. For the reasons stated below, Defendants' motion to dismiss is granted, and while I decline to declare Plaintiff a vexatious litigator under § 1927, I am instead exercising my inherent power to enjoin her from filing further complaints unless certain conditions are met as set forth herein.

## I. BACKGROUND

Plaintiff has filed numerous lawsuits and complaints against Defendants in state and federal court, as well as with certain administrative agencies, *see* pp. 11–13, *infra*, all stemming from her interactions with her neighbor, Evan Laine, an attorney who once represented Ms. Perry's mother in a legal matter, and Mr. Laine's family. All of her previous actions have been dismissed and/or declared frivolous. Moreover, Plaintiff currently has another case pending before this Court, Case No. 04–

CV–6102 (FLW), in which she is suing four judges because of prior court rulings adverse to her in connection with certain of her allegations in this matter.

## II. DISCUSSION

### A. Defendants' Motion to Dismiss

Plaintiff's amended complaint contains nine counts,[1] all of which are without any legal basis or justification. Indeed, her complaint reflects a paranoia and obsession with her neighbors, the Laine family, and anyone associated them. This pleading is a paradigm of someone who sees a conspiracy behind every door. Disturbingly, as reflected in her amended complaint and the numerous exhibits and photos she has produced to this Court, Plaintiff has set up surveillance cameras to capture the moves of the Laines, and has even resorted to audiotaping court personnel who have had some ministerial involvement in prior pending matters. *See* Transcript of "Secretly Record Audiotape" (Aug. 13, 2004). Ms. Perry scurrilously alleges, without any foundation, that the various judicial officers who have dealt with her prior filings have all been biased and involved in "case fixing." Compl. at 6–8. Plaintiff's allegations against the various lawyers, their staff, and the courts are based upon her misguided view that anyone dealing in an adverse fashion to her must be acting in a conspirational and illegal manner. To categorize Plaintiff's complaint as fantastical minimizes the bizarre character of this filing.

Despite the Court's difficulty in discerning the bases for Plaintiff's claims, the Court has nonetheless attempted to categorize them into discrete causes of action.

Plaintiff is asserting her claims in Count I pursuant to 42 U.S.C. § 1985. Compl. at 1. However, the Court is also construing Counts II, III, IV and VI as asserting claims pursuant to 42 U.S.C. § 1985. Count VI also asserts a common law fraud claim. The Court is construing Count V, which alleges that the Laines conspired to "knowingly creat[e] a dangerous environment for a repeat auto accident," *id.* at 8, as a prima facie tort claim. In Count VII, Plaintiff is asserting a claim for harassment, *id.* at 11, which under the New Jersey Code of Criminal Justice is a petty disorderly persons offense. N.J.S.A. 2C:33–4(c). Therefore, the Court is also construing Count VII, which contains, in essence, the same allegations as in Count V, as asserting a prima facie tort claim. Count VIII asserts a common law claim for intentional infliction of emotional distress. Compl. at 14. Count IX asserts claims pursuant to 42 U.S.C. § 1981. *Id.* at 15.

Defendants have framed their motion as a motion to dismiss under Rule 12(b)(6), or, in the alternative, for summary judgment under Rule 56. In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true all allegations in the Plaintiff's Complaint and all reasonable inferences that can be drawn therefrom after construing them in the light most favorable to the non-movant. *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir.1994). A pleading may be dismissed for "failure to state a claim where it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations." *Heden-*

---

1. Plaintiff's original complaint, Case No. 04–CV–5842, encompassing the same allegations made herein, was dismissed by the Honorable Robert B. Kugler, U.S.D.J. pursuant to *Fed.* R.Civ.P. 8(a). Plaintiff's current complaint, denominated as an amended complaint, was docketed as Case No. 04–CV–6102.

*burg v. Bando American, Inc.,* 1992 WL 443432, at \*4 (D.N.J. March 3, 1992) (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).

Courts are required when conducting the 12(b)(6) inquiry to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party. *In re Rockefeller Ctr. Properties, Inc. Securities Litig.,* 311 F.3d 198, 215 (3d Cir.2002). Nevertheless, legal conclusions offered in the guise of factual allegations are given no presumption of truthfulness. *Chugh v. Western Inventory Services, Inc.,* 333 F.Supp.2d 285, 289 (D.N.J.2004)(citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). Therefore, in ruling on a Rule 12(b)(6) motion, courts can and should reject "legal conclusions," "unsupported conclusions," "unwarranted references," "unwarranted deductions," "footless conclusions of law," and "sweeping legal conclusions in the form of actual allegations." *Morse v. Lower Merion School Dist.,* 132 F.3d 902, 907, n. 8 (3d Cir.1997). On a motion to dismiss, the Court generally does not consider documents extraneous to the pleadings, but the Court may consider a "document integral or explicitly relied upon in the complaint . . . without converting the motion to dismiss into one for summary judgment." *In re Burlington Coat Factory Secs. Litig.,* 114 F.3d 1410, 1426 (3d Cir.1997). Here, because Plaintiff refers in her complaint to the numerous opinions and orders issued by various courts in connection with these matters, this Court may consider those opinions and orders without converting this Rule 12(b)(6) motion into a motion for summary judgment. *See id.*

■ Although Plaintiff does not specify in Count I which subsection of 42 U.S.C. § 1985 she believes Defendants to have violated, the Court is considering her Section 1985 claims in Count I to be claims asserted under the second clause of 1985(2), which applies to those conspiracies aimed at obstructing justice in state courts, *Kush v. Rutledge,* 460 U.S. 719, 725, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983), because Plaintiff quotes the language of the second clause of Section 1985(2) in Count I. Compl. ¶ 30. The second clause of Section 1985(2) specifically addresses those conspiracies in which:

> [T]wo or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws. 42 U.S.C. § 1985(2).

The Court is also construing Counts II, III, IV and VI as asserting claims pursuant to the second clause of 42 U.S.C. § 1985(2), which addresses conspiracies aimed at obstructing justice in state courts, *supra,* because those Counts allege "Conspiracy against Civil Rights by Case Fixing in Municipal Court," "Conspiracy against Civil Rights by Case Fixing in Camden County Superior Court," "Conspiracy Against Civil Rights by Abuse of Process," and "Fraud Upon the Court," respectively. Compl. at 6–8, 10. However, besides Plaintiff's conclusory and unsupported allegations that Defendants conspired to fix cases, nothing Plaintiff alleges implicates the second clause of 1985(2), including her allegations that Defendants sought to have her sanctioned and declared a vexatious litigant, actions which fall very short of giving rise to a § 1985(2) claim. Therefore, Plaintiff's claims in Counts I, II, III, IV and VI pursuant to

the second clause of 42 U.S.C. § 1985(2) are dismissed.

■ Count VI also asserts a common law fraud claim. In order to establish a claim for common law fraud under New Jersey law, one must show: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages. *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610, 691 A.2d 350 (1997). Here, other than Plaintiff's unsupported conclusion that Defendants injured her by "knowingly misrepresenting the width of Saxby Terrace," Compl. ¶ 70, Plaintiff fails to allege that the alleged misrepresentation was material and that she reasonably relied on the alleged misrepresentation. Therefore, Plaintiff's common law fraud claim in Count VI is dismissed.

■ The Court is construing Plaintiff's claims in Counts V and VII as prima facie tort claims. The only case suggesting the existence of the cause of action for prima facie tort in New Jersey is *Trautwein v. Harbourt*, 40 N.J.Super. 247, 266, 123 A.2d 30 (App.Div.), *certif. denied*, 22 N.J. 220, 125 A.2d 233 (1956), where the New Jersey Appellate Division rejected a cause of action for malicious exclusion from membership in a fraternal organization, but found "no difficulty with the theoretical concept, expressed in various ways by modern jurisprudence, that intentional, willful or malicious harms of any kind are actionable unless justified." There can be no doubt that the Laine Defendants' conduct, namely, parking their vehicle(s) on same side of the street where their home is located and across from Plaintiff's driveway, was not intentional, willful or malicious, and there is nothing in the record, other than Plaintiff's own unwarranted deductions, to sug-

gest that this was done to harm her. Therefore, Plaintiff's claims in Counts V and VII, which the Court is construing as prima facie tort claims, are dismissed.

■ In Count VIII, Plaintiff is asserting a claim for intentional infliction of emotional distress. Under New Jersey law, to prevail on a common law cause of action for intentional infliction of emotional distress, "[t]he plaintiff must establish intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." *Buckley v. Trenton Saving Fund Soc'y*, 111 N.J. 355, 366, 544 A.2d 857 (1988). Generally, for the conduct to be actionable, "the emotional distress ... must be 'so severe that no reasonable [person] could be expected to endure it.'" *Id.* at 366–67, 544 A.2d 857 (quoting *Restatement (Second) of Torts* § 46 comment j at 77 (1965)). Because the severity of a claim for emotional distress raises questions both of law and fact, the court "decides whether as a matter of law such emotional distress can be found, and the jury decides whether it has in fact been proved." *Id.* at 367, 544 A.2d 857.

■ Here, I find as a matter of law that a claim for emotional distress cannot be made because, other than Plaintiff's bald allegations, there is nothing before me that suggests that Defendants engaged in any outrageous conduct directed towards Plaintiff. Moreover, a specific example cited by Plaintiff, that Defendants wrote in a brief to the New Jersey Appellate Division in 2003 that Plaintiff had a "fragile grasp on reality [sic]," Compl. ¶ 96, cannot form the basis for a claim for intentional infliction of emotional distress because under New Jersey law, "statements, whether by parties or their attorneys, relevant to and in the course of judicial proceedings are absolutely privileged." *Petty v. General Acc. Fire & Life*

*Assur. Corp.,* 365 F.2d 419, 421 (3d Cir. 1966). Furthermore, Plaintiff, who has hurled countless ethical and criminal allegations against defendants, many of whom are attorneys and judges, cannot claim that litigation is for the faint of heart. Therefore, Plaintiff's claim for intentional infliction of emotional distress in Count VIII is dismissed.

In Count IX, Plaintiff is asserting claims pursuant to 42 U.S.C. § 1981. Section 1981, which prohibits racial discrimination in the making and enforcement of contracts and property transactions, provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses and exactions of every kind, and to no other. 42 U.S.C. § 1981(a).

Section 1981 is derived from the Civil Rights Act of 1866 and from the reenactment of Section 1 of the 1866 Act in 1870. *Mahone v. Waddle,* 564 F.2d 1018, 1030 (3d Cir.1977) (citing *Runyon v. McCrary,* 427 U.S. 160, 168–70 n. 8, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976)); Civil Rights Act of 1866, ch. 31, section I, 14 Stat. 27, *reenacted,* Civil Rights Act of 1870, ch. 114, §§ 16, 18, 16 Stat. 144, codified at 42 U.S.C. §§ 1981, 1982. The legislative history of the 1866 Act makes clear Congress's intent to enact "sweeping legislation implementing the thirteenth amendment to abolish all the remaining badges and vestiges of the slavery system." *Mahone v. Waddle,* 564 F.2d at 1030. As a result, the current statute rests not only on the Fourteenth Amendment but also on the Thir-

teenth Amendment to the Constitution. *Runyon v. McCrary,* 427 U.S. at 190, 96 S.Ct. 2586, 49 L.Ed.2d 415 (Stevens, J., concurring).

■ "In order to state a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) that plaintiff is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts." *Brown v. Philip Morris Inc.,* 250 F.3d 789, 797 (3d Cir.2001)(internal quotations omitted).

■ Again, there is nothing in the record to suggest that Defendants engaged in or intended to engage in any racially-motivated discrimination against Plaintiff. Moreover, Plaintiff makes no allegations regarding any contracts to which she is a party. Therefore, Plaintiff's claims in Count IX pursuant to 42 U.S.C. § 1981 are dismissed.

■ To the extent that Plaintiff asserts any claims pursuant to 42 U.S.C. § 1983, such claims are dismissed, because Plaintiff does not allege that any Defendant in this case is a state actor or that any Defendant here acted under color of state law. *See Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), overruled in part on other grounds by *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Piecknick v. Pennsylvania,* 36 F.3d 1250, 1255–56 (3d Cir.1994).

To the extent that Plaintiff presents new claims in her submissions that were not asserted in her Complaint, the Court finds that they would also not state a claim. Therefore, there is no reason to provide

Plaintiff, who is *pro se*, an opportunity again to amend her complaint since such claims would be futile. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir.2002). In summary, Plaintiff's claims are baseless and scandalous. None of them state a claim, nor would any amendment save them.

## B. Defendants' Motion to Have Plaintiff Declared a Vexatious Litigator

■ Finally, the Court must address Defendants' motion to have Plaintiff declared a vexatious litigator pursuant to 28 U.S.C. § 1927,[2] which provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." While circuits are split as to whether a *pro se* appearing in court is an "other person admitted to conduct cases" and therefore sanctionable under 28 U.S.C. § 1927, *compare Sassower v. Field*, 973 F.2d 75, 80 (2d Cir.1992)(section not applicable to pro se litigants) *with Wages v. Internal Revenue Serv.*, 915 F.2d 1230, 1235–36 (9th Cir.1990)(section does apply to pro se litigants), the Third Circuit has not yet ruled on the issue.[3]

I am aware that the Court should be flexible when dealing with a *pro se* litigant, *see In re McDonald*, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989), and that restraints like the one issued by Judge Fratto are extreme remedies. However, such a restraint against Ms. Perry is warranted and needed in the United States District Court for the District of New Jersey to prevent her from filing any more vexatious, frivolous and abusive complaints. *See In re Martin–Trigona*, 737 F.2d 1254, 1261 (2d Cir.1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."). A recital of Ms. Perry's history of legal maneuvers is necessary at this time.[4]

In 1996 or 1997, Evan Laine, Esq. represented Ms. Perry's mother, Ollie, in a personal injury suit. In 1998, Ms. Perry moved into the house across the street from Evan Laine and his family, on Saxby Terrace in Cherry Hill. In December 1998, Evan Laine and his law firm, Gold &

---

2. In a letter that I sent to the parties, dated April 12, 2005, I indicated that I would decide the motion to dismiss on the papers, and then hold oral argument on Defendants' motion to have Plaintiff declared a vexatious litigator. Upon further review, however, I am deciding this latter motion on the papers. While the Court is in receipt of a letter dated January 3, 2005, indicating Defendants' intention to move for sanctions, including monetary sanctions, under *Fed.R.Civ.P.* 11, the docket does not reflect that Defendants ever filed such a motion. Therefore, because Defendants have not currently sought monetary damages and because the record is clear with regard to the necessity for injunctive relief, oral argument is not necessary. If Defendants still intend to seek monetary sanctions under *Fed.R.Civ.P.*

11 or on any other basis in connection with this ruling, they shall have thirty days from the filing of this Opinion and accompanying Order to do so. If, after thirty days, Defendants have not made such a filing, the Clerk of this Court shall mark this case closed.

3. In a recent unpublished opinion issued by Judge Chertoff, the Third Circuit chose not to resolve this issue. *Institute for Motivational Living, Inc. v. Doulos*, No. 03–4177, 110 Fed. Appx. 283, 2004 WL 2241745 (3d Cir.2004).

4. The facts and filings descried in this section are found in the Opinions, Orders, Hearing Transcripts and Briefs submitted to the Court for the purposes of this motion.

Laine, P.C., agreed to represent Ms. Perry's mother once again. In 1999, Ms. Perry sent her neighbors, the Laines, various unsolicited items, including a disturbing letter discussing Plaintiff's religious beliefs, volunteering that Plaintiff was a virgin, and describing several sexual acts in great detail. In September 1999, the Honorable Francis J. Orlando, A.J.S.C. issued an order granting leave for Defendant Evan Laine and his law firm, Gold & Laine, P.C. to be relieved as counsel to Ms. Perry's mother. In March 2000, Plaintiff twice attempted to file criminal charges against Defendants Evan Laine and Jeffrey Gold, a partner at Mr. Laine's law firm, for perjury, harassment, conspiracy and other charges. The Honorable Jeffrey Karl, J.M.C. and the Honorable John McFeeley, J.M.C. found that there was no probable cause on either occasion. In July 2000, Ms. Perry filed a statement with the Cherry Hill Police Department accusing Judge Karl of conspiring and discriminating against her. She even attempted to file ethical charges against Judge Karl before the Advisory Committee of Judicial Conduct. All charges against Judge Karl were declined and/or found meritless.

In March 2001, Plaintiff filed an ethics complaint against Defendant Evan Laine, Esq. Defendant Carl D. Poplar, Esq., representing Mr. Laine, filed a motion to dismiss the complaint in its entirety, which was granted. In April 2001, Plaintiff filed an ethics grievance against Defendant Poplar, which was also dismissed. In July 2001, Plaintiff sent letters to the New Jersey Division of Youth & Family Services and Cherry Hill Police Department alleging that the Laines had neglected their children, aged seventeen and eighteen, by leaving them home alone.

In October 2001, Plaintiff filed a complaint in the United States District Court for the District of New Jersey against Defendants Evan Laine, Jeffrey Gold, Gold & Laine, P.C., Michele Laine (Evan Laine's wife), Christy Cicalese (an employee of Gold & Laine, P.C.), Carl Poplar, and Poplar & Eastlack, the predecessor firm to Carl D. Poplar, P.C. Ms. Perry later sought to add Defendant Brandon Laine, son of Evan and Michele Laine, as a defendant. The Honorable Stephen M. Orlofsky dismissed the entire case, with prejudice, on March 27, 2002. Plaintiff sought reconsideration of the dismissal and a recusal of Judge Orlofsky, both of which Judge Orlofsky dismissed. Ms. Perry appealed the case to the United States Court of Appeals for the Third Circuit, and the Third Circuit affirmed Judge Orlofsky on April 24, 2003.

In 2002 and 2003, Plaintiff filed complaints against Defendants with the New Jersey Superior Court, Camden County, Case No. CAM–L005235–02, and with the New Jersey Superior Court, Mercer County, Case No. MER–L–803–03. The Honorable John A. Fratto, J.S.C. dismissed the Camden County complaint and the Honorable Linda Feinberg, A.J.S.C. dismissed the Mercer County complaint. Ms. Perry appealed Judge Fratto's decision and also filed another complaint against Defendants in the Superior Court, Camden County in February 2004. However, Defendants were never served with this complaint. Plaintiff also instituted charges against Evan and Michele Laine in Cherry Hill Municipal Court in February 2004. The Honorable Daniel Bernardin, J.M.C. dismissed the charges.

On September 29, 2004, the Judge Fratto ordered that Ms. Perry be "restrained and prohibited from filing and/or instituting lawsuits, Complaints or other legal proceedings which are under and/or subject to the jurisdiction of the Superior Court of New Jersey, whether they be

Civil, Criminal, Quasi Criminal and/or Administrative, against ... Gold & Laine, P.C.; Jeffrey E. Gold, Esquire, Evan E. Laine, Esq.; Carl D. Poplar, P.C.; Carl D. Poplar, Esquire, Christy Chicalese; Michele [sic] Laine, Brandon Laine; and Jessica Laine, without prior approval of a Judge of the Superior Court." *Gold & Laine v. Perry,* Docket No. L–1402–04, Amended Order (Sept. 29, 2004). Judge Fratto also designated the Honorable John McFeeley, III, P.J.M.C. as the judge to review any complaint filed by Ms. Perry against any of the aforementioned. *Id.* The only exception to Judge Fratto's order is that Ms. Perry "is permitted to file or institute lawsuits, Complaints, legal proceedings, without prior approval, through an attorney licensed to practice law in the State of New Jersey who has duly filed an appearance on her behalf in each proceeding and said attorney will sign each pleading and/or document regarding the Complaints, lawsuits and other legal proceedings." *Id.*

Plaintiff filed another complaint against Defendants in the United States District Court for the District of New Jersey on November 24, 2004. Judge Kugler dismissed the complaint pursuant to *Fed. R.Civ.P.* 8(a) on December 10, 2004. Plaintiff filed the instant amended complaint with this Court on December 12, 2004. Furthermore, on December 10, 2004, Plaintiff filed her complaint in this Court against Judges Fratto, Bernardin, McFeeley and Orlando, docketed as Civil Action No. 04–CV–6102. On January 6, 2005, Case No. 04–CV–6102 was reassigned from Judge Kugler to this Court.

It is obvious that Plaintiff has a distrust for the judicial system and anyone involved therein. If an attorney or a judge does not see things her way, Plaintiff believes that attorney or judge is involved in a conspiracy against her. Indeed, she wrote me a letter dated December 31, 2004, asking me to handle both this case and her Civil Action No. 04–6102, which was then pending before the Honorable Robert B. Kugler, on the basis that I could be fair because I had *"no prior* connection to this file." Letter from Victoria L. Perry to the Honorable Freda L. Wolfson of Dec. 31, 2004 (emphasis in original). Ms. Perry's letter further evidences her belief that each and every judge to issue a ruling adverse to her did so because of an unfairness or bias, and not because her case was simply meritless, baseless and frivolous. No doubt, given her history and based upon my rulings today, Ms. Perry will come to the same conclusion about me.

This Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. Ms. Perry should no longer expect her repeated abuse of the judicial system to be tolerated. However, because of the uncertainty of the law in this Circuit with regard to the applicability of § 1927 to *pro se* litigants, I decline to declare Plaintiff a vexatious litigator under § 1927, and instead choose to issue restraints against Ms. Perry pursuant to my inherent power to protect the courts from Plaintiff's oppressive and frivolous litigation. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).[5]

**5.** The All Writs Act, which provides in pertinent part that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of the law," 28 U.S.C. § 1651(a), lends further support to the Court's ability to issue a restriction against Plaintiff. According to the Third Circuit, Section 1651(a) authorizes district courts to issue an injunction, thereby restricting the access to federal courts of parties who repeatedly file frivolous lawsuits. *Abdul–Akbar v. Watson,* 901 F.2d 329, 332 (3d

Therefore, in the interest of promoting judicial efficiency and deterring further frivolous filings, this Court enjoins Ms. Perry from access to the federal court system in this District without prior leave of this Court when she is proceeding *pro se*. *See Smith v. Litton Loan Servicing, LP*, Case No. 04–2846, 2005 WL 289927 (E.D.Pa. Feb. 4, 2005) (issuing a similar injunction against *pro se* plaintiffs). Leave of court will be freely granted upon Ms. Perry's showing through a properly filed petition that a specific proposed filing: (1) can survive a challenge under Federal Rule of Civil Procedure 12; (2) is not barred by principles of claim or issue preclusion; (3) is not repetitive or violative of a court order; and (4) is in compliance with Federal Rule of Civil Procedure 11. *See id.* The Order and Injunction to follow will not apply to the filing of timely notices of appeal from this Court to the Third Circuit Court of Appeals and papers solely in furtherance of such appeals.

### III. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is granted, and while I decline to declare Plaintiff a vexatious litigator under § 1927, I am instead exercising my inherent power to enjoin her from further *pro se* filings unless certain conditions are met. An appropriate Order follows.

### ORDER

This matter having been opened to the Court by Carl D. Poplar, attorney for Defendants Gold & Laine, P.C., Carl D. Poplar, P.A., Jeffrey E. Gold, Esq., Evan E. Laine, Esq., Carl D. Poplar, Esq., Christy

A. Cicalese, Michele Laine, Brandon Laine and Jessica Laine, by the filing of a motion to dismiss the Plaintiff's complaint pursuant to *Fed.R.Civ.P.* 8(a) and 12(b)(6), or in the alternative, for summary judgment, and to have Plaintiff declared a vexatious litigator; Plaintiff Victoria Perry, *pro se* ("Plaintiff" or "Perry"), having filed opposition thereto [1]; the Court having reviewed the papers pursuant to *Fed.R.Civ.P.* 78; good cause having been shown; IT IS on this *25th* day of May, 2005,

**ORDERED** that Defendants' motion to dismiss is **GRANTED**; and it is further

**ORDERED** that all of Plaintiff's claims against all Defendants are **DISMISSED**; and it is further

**ORDERED** that Victoria L. Perry, while proceeding *pro se*, shall not file or assist in filing any further actions within the United States the District Court for the District of New Jersey without providing due notice to this Court; and it is further

**ORDERED** that to protect the integrity of the courts, Defendants, and any potential Defendants from the harassment of further frivolous litigation initiated by Victoria L. Perry, the Court issues the following injunctions:

(a) The Court enjoins Ms. Perry, unless she is represented by a licensed attorney admitted to practice in this court, from filing any action in any court, state or federal, against the Defendants named in the instant action, without first obtaining leave of this Court;

(b) The Court enjoins Ms. Perry, unless she is represented by a licensed attorney admitted to practice in this court,

---

Cir.), *cert. denied*, 498 U.S. 806, 111 S.Ct. 237, 112 L.Ed.2d 196 (1990).

**1.** Plaintiff filed her opposition more than three months late and two weeks after this

Court wrote the parties a letter on April 12, 2005, indicating that it was considering Defendants' motion as unopposed.

from filing any new action or proceeding in any federal court, without first obtaining leave of this Court; and

(c) The Court enjoins Ms. Perry, unless she is represented by a licensed attorney admitted to practice in this court, from filing any further papers in any case, either pending or terminated, in the District of New Jersey, without first obtaining leave of this Court; and it is further

**ORDERED** that the Clerk of Court shall refuse to accept any submissions for filing from Ms. Perry while she is proceeding *pro se* except petitions for leave of court, unless such submissions for filing are accompanied by an order of this Court granting leave. In the event that Ms. Perry succeeds in filing papers in violation of this Order, upon such notice, the Clerk of Court shall, under authority of this Court's Order, immediately and summarily strike the pleadings or filings; and it is further

**ORDERED** that leave of court shall be forthcoming upon Ms. Perry demonstrating, through a properly filed petition, that the proposed filing:

(a) can survive a challenge under Federal Rule of Civil Procedure 12;

(b) is not barred by principles of claim or issue preclusion;

(c) is not repetitive or violative of a court order; and

(d) is in compliance with Federal Rule of Civil Procedure 11. And it is further

**ORDERED** that Ms. Perry shall attach a copy of this Order and Injunction to any such petition for leave of court; and it is further

**ORDERED** that the Clerk of this Court shall file and enter into the docket this Order and Injunction and provide a copy of same to all parties in each case against whom Victoria L. Perry has actions pending in the District of New Jersey; and it is further

**ORDERED** that Defendants shall have thirty days from the filing of this Opinion and Order to seek monetary sanctions under *Fed.R.Civ.P.* 11 or on any other basis, in connection with this ruling. If, after thirty days, Defendants have not made such a filing, the Clerk of this Court shall mark this case **CLOSED.**